VAN SLYKE v. THE CHICAGO, ST. PAUL AND KANSAS CITY RAILWAY COMPANY.

1. **Railroads:** KILLING STOCK ON RIGHT OF WAY: SUFFICIENCY OF EVIDENCE. Plaintiff's mare was found dead in her pasture, near to defendant's right of way, at a place where defendant, though having the right to fence, had neglected so to do. Her right hind leg was broken above the hock, and just below the stifle. No bruises were noticed, but some hair was off the leg and right flank. There were hoof-prints near, upon the track. There was also a ditch between the track and where the mare was found. Between the track and the ditch was some hair, and also nearer the ditch than the track was a hoof-mark. In the ditch, also, there was a hoof-mark, and two or three feet beyond it were indications that an animal had fallen there. From that point to where the mare was found was a broad trail, which appeared as though made by dragging her from that place to the place where she was found, but there were no indications that she had struggled along that trail. One of defendant's trains had shortly before passed over the track. The jury found that the mare was killed, or caused to be killed, by defendant, while running a train on its road. *Held*—

   (1) That, considering all the evidence, and the circumstances attending the case (see opinion), this court cannot say that it did not warrant the finding of the jury. (See opinion for cases distinguished.)

Van Slyke v. The Chicago, St. P. & K. C. Ry. Co.

(2) That, if the death of the mare resulted from the want of a fence, defendant was liable, even though she was not actually struck by defendant's train. (See *Liston v. Railway Co.*, 70 Iowa, 716.)

2. ———— : ———— : SERVICE OF NOTICE : SUFFICIENCY. The statutory notice required to be given by the owner of stock killed on a railroad, in order to recover double damages therefor (Code, sec. 1976), may be duly served by the delivery of a copy thereof instead of the original, as the statute does not prescribe the mode of service. (Compare *McNaught v. Railway Co.*, 30 Iowa, 338.)

3. **Practice**: ARGUMENT TO JURY : COMMENTS UPON FAILURE OF ADVERSARY TO REBUT EVIDENCE. Where the evidence of plaintiff makes a *prima-facie* case in his behalf, and defendant makes no effort to rebut it, though he has in court the witnesses by whom he might rebut it if not true, plaintiff's attorney may properly, in argument to the jury, comment upon that fact as being a tacit admission of the truth of plaintiff's evidence.

*Appeal from Butler District Court.*—HON. JOHN C. SHERWIN, Judge.

FILED, MAY 15, 1890.

ACTION to recover double the value of a mare alleged to have been killed by defendant in operating its railway. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.

*A. J. Baker*, for appellant.

*C. A. L. Roszelle* and *J. H. Scales*, for appellee.

ROBINSON, J.—A mare owned by plaintiff, of the value of ninety dollars, was found dead near the railway of defendant, at a place where there was no fence, but where the right to fence existed. Plaintiff claims that the death of the animal was caused by a train of defendant; that he served the defendant with the statutory notice and affidavit of such death more than thirty days before this action was commenced; and that it is liable for double the value of the animal by reason of its neglect to pay the value thereof. The verdict and judgment were for the sum of one hundred and eighty dollars.

I.  Appellant contends that there is no evidence of any contact or collision of the mare with the train; that the evidence shows that there could not have been such a collision; and that the judgment was erroneous.  The cases of *Asbach v. Railway Co.*, 74 Iowa, 248; *Rhines v. Railway Co.*, 75 Iowa, 597; *Brockert v. Railway Co.*, 75 Iowa, 529, are cited in support of its claims.  A train of the defendant passed over its track at the place in question at about 8:40 o'clock in the morning of November 19, 1888; about two hours later plaintiff received some notice in regard to the mare from a section boss of defendant, and in a short time went to the place where she was lying, and found her dead.  The section boss and others were there.  The course of the track at that place was from northwest to southeast, and the mare was lying southwest of it, thirty or forty feet from the right of way.  Her right hind leg was broken above the hock, and just below the stifle.  No bruises were noticed, but some hair was off the leg and right flank.  Upon the track near by were several hoof-prints.  Southwest of and twenty feet from the track was a ditch eighteen inches wide, and twenty-two inches deep.  Between the track and the ditch was some hair, and also nearer the ditch than the track was a hoof-print.  In the ditch there was a hoof-mark, and two or three feet southwest of it were indications that an animal had fallen there.  From that point to the spot where the animal was lying there was a broad trail, which appeared as though made by dragging the mare from the spot where there were indications that she had fallen to the place where she was found, but there was no evidence that the mare had struggled along the trail.  Of that trail plaintiff testified as follows:  "The path was just about the ordinary length of a horse, dragged bodily; not lengthwise, but bodily.  From the place she struck there was not a hoof-print, nor any kind of a mark, that would show she had struck going from the place to where she was."  The mare was nervous, and

*Marginal note:* 1. RAILROADS: killing stock on right of way: sufficiency of evidence.

afraid of trains. She was one of nine horses and colts in the pasture, where she was found the morning she died.

The defendant insists that the death of the mare may have resulted from her slipping into the ditch while running, perhaps in play, with the other horses and colts ; and that such a supposition is fully as reasonable as the one advanced by plaintiff, and adopted by the jury. Hence that, under the doctrines announced in *Asbach v. Railway Co.*, *supra*, the verdict was contrary to the evidence. We do not think the claim of appellant is well founded. There is no evidence that the mare had been running. She was "a low, blocky built" animal, thirteen years old, blind in one eye, and with foal. The hoof-marks indicated that she was on the railway track, and thence jumped or was thrown, about twenty feet, to the ditch. The hair found between the track and ditch is some indication that she was struck on the track. Nothing indicated a struggle at the ditch, nor at the place where she must have fallen, just beyond. Ordinarily, the mere breaking of a leg would not cause the death of such an animal until after the lapse of considerable time, if at all. But the evidence in this case shows that the mare probably died where she fell near the ditch, and within a short time thereafter, if not instantly, and almost without a struggle. The most reasonable and satisfactory conclusion to be deduced from these facts is that the mare was frightened by the train of defendant, and jumped from the track, or was struck and thrown from it by the engine, and that injuries resulted which caused her death. Appellant places much stress upon the fact that the external evidences of injury were slight, and argues that they show there could have been no collision. But the absence of a collision would not relieve defendant from liability, if the death of the mare resulted from the want of a fence. *Liston v. Railway Co.*, 70 Iowa, 716, and cases therein cited. The petition charges that defendant, while running a train on its road, killed, or

caused to be killed, the mare in question, and is broad enough to cover the case made by the evidence.

II. Appellant complains of so much of the charge to the jury as authorized them to allow the plaintiff double the value of the animal in controversy, in case they found him entitled to recover, and that the statutory notice and affidavit had been duly served. The ground of the complaint is that the evidence shows, without conflict, that a copy of the notice, instead of the original, was delivered to defendant. No question in regard to service of the affidavit is made. The law provides for a notice in writing to the railway company, but the statute is silent as to the method of service. It has been held that such service may be made by reading the original, and delivering a copy thereof. *McNaught v. Railway Co.*, 30 Iowa, 338. It follows that the service in this case was sufficient.

*2. ——: ——: service of notice: sufficiency.*

III. An attorney for plaintiff, while making an argument to the jury, was permitted to comment upon the fact that defendant had offered no evidence in regard to the death of the mare, and its responsibility therefor, and to claim, in effect, that if defendant was not liable it could have shown that fact by its engineer, and by witnesses in court. The remarks were duly objected to by defendant, but its objections were overruled. The record does not show that the rulings in question were erroneous. The evidence for plaintiff was *prima facie* sufficient to establish the liability of defendant. Its employes must have known whether its train in any manner caused the death of the mare. The train which plaintiff claims caused the injury passed the place in question in daylight. Plaintiff was first notified that his mare was hurt by an employe of defendant, whose duties required him to pass over and inspect the track. The evidence tended to show that the animal was moved, after she became helpless, from the right of way of defendant to the land of plaintiff. The facts

shown justify the presumption that no one would have been so much interested in the moving of the animal as defendant. So far as the evidence shows, its employes were the first to discover her after she was hurt. The language of the attorney indicates that these employes were present at court, and no doubt the court was advised as to the truth of the statement. They could have shown that some of the inferences which the evidence for plaintiff justified, in the absence of explanation, were without proper grounds, if such was the fact, but they remained silent. The statements of the attorney were in the nature of conclusions drawn from facts which the evidence tended to prove, rather than statements of material facts, of which there was no evidence. We are of the opinion that where it is within the power of a party to an action to rebut material evidence of his adversary, if it be false, his failure to do so may justify the presumption that it is true. When a party suppresses evidence, the presumption arises that its production would be against his interest. 1 Greenl. Ev., sec. 37; 1 Phil. Ev. 602, 639; 2 Whart. Ev., sec. 1266; *Frick v. Barbon*, 64 Pa. St. 120. See, also, *State v. Cleaves*, 59 Me. 299. We conclude that the attorney did not abuse his privilege in any material respect in making the remarks in question. The judgment of the district court is                                 AFFIRMED.