## MURRAY TIPTON v. THE STATE.

### *No. 3905.  Decided December 16.*

1. **Incest—Evidence—Proof of Reputation of Impeached Witness.**—Where the prosecuting witness on a trial for incest was impeached by several witnesses as to statements made to them by her contradictory of evidence as to the paternity of her child, *held*, that it was permissible for the State to prove in support of her testimony her general good reputation for truth and veracity in the neighborhood in which she lived.

2. **Argument of Counsel—Breach of Privilege of.**—Where it transpired on the trial for incest that the prosecuting witness had testified that she told defendant's brother-in-law of the incestuous intercourse between defendant and herself, and defendant's counsel commented upon the absence of the said brother-in-law, and the district attorney in his closing argument commented upon defendant's failure to have said absent brother-in-law as a witness in his behalf, *held*, that such comments were harmless, and that having been provoked by defendant's counsel can not be complained of by defendant.

3. **Same.**—To constitute reversible error, the matters complained of as to argument of counsel must show an abuse of privilege and material injury or prejudice to the rights of defendant.

4. **Charge of Court Correct as Law, but upon Weight of Evidence.**—Where on a trial for incest the court instructed the jury, "If the female with whom the incestuous intercourse is alleged to have been had is shown to have willingly, voluntarily, and with the same intent which actuated the accused, united with him in the commission of the offense, she is an accomplice in the crime, and her testimony, if not corroborated, is insufficient to support a conviction of the accused; on the other hand, if the evidence shows that in the commission of the incestuous act she was the victim of force or undue influence, so that she did not act voluntarily, and did not join in the commission of the act with the same intent that actuated the accused, then she is not an accomplice, and a conviction might stand upon her evidence without corroboration," *held*, that the charge, while it stated correct propositions of law, was erroneous and upon the weight of evidence, in that it authorized the jury, if they believed the witness was not an accomplice, that they might convict upon her isolated testimony, without reference to other evidence in the case.

APPEAL from the District Court of Wise. Tried below before Hon. J. W. Patterson.

This appeal is from a judgment of conviction for incest, the punishment being assessed at five years imprisonment in the penitentiary. The party with whom the incestuous intercourse is alleged to have been had was defendant's sister. She testified at the trial to several acts of incestuous intercourse with defendant, each without her consent, and against her will; and that he was the father of her child, which she held upon her lap in court while she testified. Her testimony was attempted to be impeached by other witnesses, who testified that she told them that Joe Thompson was the father of her child. Defendant testified in his own behalf, and denied *in toto* the incestuous intercourse, and claimed that this charge against him was the result of a controversy between himself, the prosecuting witness, and his brother-in-law Sam Green about the division of his father's and mother's estate and the custody of their minor children.

The State, in rebuttal, proved by two witnesses that the reputation of Alice Tipton, the prosecuting witness, for truth and veracity was good, and that her child was the very image of the defendant.

*Carswell, Fuller & Terrell*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—On the trial the prosecuting witness Alice Tipton was contradicted as to several of her statements by witnesses who testified to statements made by her with regard to the paternity of her child in conflict with her testimony as given on the witness stand. The prosecution was permitted, over defendant's objection, to introduce several witnesses, who testified to the general good reputation of the witness Alice Tipton in the neighborhood in which she lived for truth and veracity. The court did not err in permitting this evidence to be introduced.

"When a witness whose reputation for veracity has been assailed, or where his credit has been impeached by showing that he has made contradictory statements to his evidence given on the trial, that he may be sustained by proof of his general good character for truth and veracity is well settled in this State, and the doctrine announced by Mr. Greenleaf upon the subject adopted as the rule. Greenl. Ev., 13 ed., sec. 499." Phillips v. The State, 19 Texas Ct. App., 158, and authorities cited; Crook v. The State, 27 Texas Ct. App., 198.

Defendant's second bill of exception was reserved to the remarks of the district attorney in his closing argument to the jury, in which he commented upon the fact that defendant had failed to call Sam Green, a brother-in-law, as a witness in his behalf; Alice Tipton having sworn

·that she had told said Green of the incestuous intercourse between defendant and herself, and that defendant was the father of her child. It is shown that the comments of the prosecuting officer complained of were provoked by declarations made by defendant's counsel in his argument with regard to the absence of the witness Green. Under the circumstances shown by the bill of exceptions, we do not think that the objection is maintainable. The prosecuting attorney did not abuse his privilege of argument. Upon the question of the admissibility and ·legality of such argument as complained of, see Mercer v. The State, 17 Texas Court of Appeals, 467.

With regard to the third and fourth bills of exception, which complain of matters also relative to the closing argument of the district attorney, no material injury or prejudice to the rights of defendant is shown, and no reversible error appears.

Defendant reserved a special bill of exceptions to the following language used by the court in its charge to the jury, to-wit: "If the female with whom the incestuous intercourse is alleged to have been had is shown to have willingly, voluntarily, and with the same intent which actuated the accused united with him in the commission of the offense, she is an accomplice in the crime, and her testimony, if not corroborated, is insufficient to support the conviction of the accused; on the other hand, if the evidence shows that in the commission of the incestuous act she was the victim of force or undue influence, so that she did not act voluntarily, and did not join in the commission of the act with the same intent that actuated the accused, then she is not an accomplice, and a conviction might stand upon her evidence without corroboration."

This charge is copied almost literally from section 508 of Willson's Criminal Statutes, and which section is based upon the rules announced in the case of Mercer v. The State, 17 Texas Court of Appeals, 452. As embodying correct propositions of law, there can be no question as to the legal accuracy of the rules announced in said charge. Blanchette v. The State, 29 Texas Ct. App., 46; Dodson v. The State, 24 Texas Ct. App., 514.

We are of the opinion, however, that the charge was upon the weight of evidence; for the jurors were told, that if she is not an accomplice, a conviction might stand upon her evidence without corroboration; and furthermore, under this instruction they might have looked alone to and have based their conviction upon her isolated testimony, without reference to other evidence in the case.

Because of the error of the court in its charge above quoted, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.