EVANS v. TOWN OF TRENTON, *Appellant*.

Division Two, November 29, 1892.

1. **Practice:** CHANGE OF VENUE: EXCEPTIONS. An application for a change of venue constitutes no part of the record, unless made so by the bill of exceptions.

2. ———: IMPROPER REMARKS OF ATTORNEY: EXCEPTIONS. Where remarks of an attorney in the course of his argument were objected to, and the objection was sustained, and the attorney continued his improper remarks, to which further objections were interposed, and the same were fully set out in the motion for a new trial, and exceptions saved to the action of the court thereon, such remarks are sufficiently saved for review in the supreme court.

3. **Supreme Court Practice:** IMPROPER REMARKS OF COUNSEL: NEW TRIAL. Certain remarks of plaintiff's attorney in the course of his argument reviewed, and *held* to be so gross an abuse of the privilege of argument as to make it the duty of the supreme court to award a new trial.

*Appeal from Grundy Circuit Court.*—G. L. WINTERS, Esq., Special Judge.

REVERSED AND REMANDED.

*O. M. Shanklin* and *George Hall* for appellant.

(1) The first instruction given by the court on the part of the plaintiff is erroneous in this, that it tells the jury that "it was the duty of defendant to keep its

streets and sidewalks in good repair, free from obstruction, and safe for travel," which requires defendant's walks to be perfectly good and absolutely safe, a duty the law does not require of it; but it is its duty to keep its walks in reasonably safe repair, and reasonably safe for travel only. *Bunson v. St. Louis*, 92 Mo. 482; *Kling v. City of Kansas*, 27 Mo. App. 231; *Barrett v. St. Joseph*, 53 Mo. 290; *Kiley v. City of Kansas*, 87 Mo. 103; *Carrington v. St. Louis*, 89 Mo. 208; *Morse v. Springfield*, 101 Mo. 613; Dillon on Municipal Corporations [3 Ed.] sec. 1019. (2) The instruction is objectionable for the further reason that to entitle plaintiff to recover she was required to use reasonable care in passing over the walk. This omission is not cured by the words, "without fault or want of proper care on her part." See the authorities above cited. *Loosh v. Des Moines*, 38 N. W. Rep. 384; *Kendall v. Albia*, 34 N. W. Rep. 833; *Halloway v. Lockport*, 7 N. Y. Sup. 363; *Sandwich v. Dalon*, 23 Am. St. Rep. 598; 133 Ill. 177; *Salmon v. Trenton*, 21 Mo. App. 182; Dillon on Municipal Corporations [3 Ed.] sec. 1020. These errors are not cured by defendant's instructions, but are in conflict therewith. *Staples v. Town of Canton*, 69 Mo. 592. (3) The respondent's first instruction is erroneous for the further reason that what was proper care on the part of respondent is a question of law, and should have been defined by the court, and not submitted to the jury. *State v. Mitchell*, 98 Mo. 657; *Albert v. Besel*, 88 Mo. 150; *State to use v. Reyburn*, 31 Mo. App. 385; *Morgan v. Durfee*, 69 Mo. 469; *Carson v. Machine Co.*, 36 Mo. App. 462; *Turner v. Railroad*, 76 Mo. 261. (4) The second instruction given on behalf of plaintiff is erroneous, because it ignores the question of contributory negligence. *Stucker v. Green*, 94 Mo. 280; *Birtwhistle v. Woodward*, 95 Mo. 113; *Bailey v. Beasley*, 32 Mo. App.

406; *Craycroft v. Walker & Co.*, 26 Mo. App. 469.
(5)  Appellant's application for a change of venue was
a substantial requirement of the statutes, and the court
erred in overruling the same.   Revised Statutes, 1889,
secs. 2258, 2262; *Dowling v. Allen & Co.*, 88 Mo. 293.
(6)  The statements made by plaintiff's attorneys in
their closing argument, in regard to matters of which
there was no evidence prejudicial to the defendant,
being objected to and persisted in, in violation of the
admonition of the court, was such error as entitles
appellant to reversal and a new trial.   *Fathman v.
Tumilty*, 34 Mo. App. 236; *Sidekum v. Railroad*, 93 Mo.
400; *Bishop v. Hunt*, 24 Mo. App. 373; *State v. King*,
64 Mo. 591; *Roeden v. Studt*, 12 Mo. App. 566; *State
v. Lee*, 66 Mo. 165; *Brown v. Swineford*, 44 Wis. 282;
*Henry v. Railroad*, 30 N. W. Rep. 630; *Ritter v. Bank*,
87 Mo. 574; *Cable v. Cable*, 28 Am. Rep. 338; *State v.
Young*, 99 Mo. 666; *Haynes v. Trenton*, 108 Mo. 123.
And the same rule applies as to the opening argument.
*Henry v. Railroad*, 30 N. W. Rep. 630; *Reikabus v.
Galt*, 16 N. W. Rep. 384; *Porter v. Thorp*, 11 N. W.
Rep. 174.   (7)  The damages assessed by the jury are
excessive.   *Haynes v. Trenton*, 108 Mo. 123.

*Harber & Knight* and *Luther Collier* for respondent.

(1)  Plaintiff's first instruction did not require
defendant's walks to be "perfectly good and absolutely
safe," as appellant would seem to want inferred; but it
simply told the jury that "it was the duty of defendant
to keep its streets and sidewalks in good repair, free from
obstruction and safe for travel in the ordinary modes,
by day and by night."   The instruction as given is in
proper form.   *Roe v. Kansas City*, 100 Mo. 190; *Russell
v. Columbia*, 74 Mo. 480; *Fritz v. Kansas City*, 84 Mo.
632.   (2)   The instructions taken as a whole rightly

declared the law, which is all that is required. *Owens v. Railroad,* 95 Mo. 169; *Meyers v. Railroad,* 59 Mo. 223; *Gamache v. Piquignot,* 17 Mo. 310; *Davis v. Brown,* 67 Mo. 313; *Noble v. Blount,* 77 Mo. 235; *Yocum v. Trenton,* 20 Mo. App. 489; *Barr v. City of Kansas,* 105 Mo. 550; *Ridenhour v. Railroad,* 102 Mo. 290. (3) "Nor will a judgment be reversed for every obscurity or inaccuracy of expression that an instruction may contain. To warrant a reversal there must be positive error, such as materially affects the merits of the action." Revised Statutes, 1889, sec. 2303; *Haniford v. City of Kansas,* 103 Mo. 172; *Valle v. Picton,* 91 Mo. 207; *Gordon v. Eans,* 97 Mo. 587; *Ridenhour v. Railroad,* 102 Mo. 270. (4) The alleged improper remarks of counsel cannot avail the appellant: *First.* Because no exceptions were saved to the same as required by statute and the repeated rulings of this court. Revised Statutes, 1889, sec. 2167; *State v. Hayes,* 81 Mo. 574; *State v. Pagels,* 92 Mo. 300; *Sidekum v. Railroad,* 93 Mo. 400; *State v. West,* 95 Mo. 139; *Krogel v. Givens,* 79 Mo. 77; *State v. Harkins,* 100 Mo. 539. *Second.* Because the argument of counsel is a matter particularly under the control of the trial court, which hears both sides and can determine how far the objectionable remarks and illustrations of one side are provoked by those of the other. This the supreme court cannot do, and ought not, therefore, to reverse in any case on such ground. *State v. Young,* 105 Mo. 634; *Loyd v. Railroad,* 53 Mo. 509; *Huckshold v. Railroad,* 90 Mo. 548; *Sidekum v. Railroad, supra.* *Third.* Because "the attention of the court should have been called to the language and conduct of the attorney by the proper objection, and a ruling had thereon by the court. If the objection is overruled and an exception taken to the ruling, the question may be reviewed in the supreme court upon the decision of the trial court. Without

such ruling and exception there is nothing for the review-
ing court to consider." *McLain v. State*, 18 Neb. 154;
*Bohanan v. State*, 18 Neb. 57, and cases, *supra;* Revised
Statutes, 1889, sec. 2167. *Fourth.* Because the refusal
of the trial court to grant appellant a new trial shows
that he considered his rebuke of the attorney as suffi-
cient to correct any supposed injury from the objec-
tionable remarks.

THOMAS, J.—Action for personal injuries. Judg-
ment in the court below for plaintiff for $4,000, and
defendant appeals.

Plaintiff in her petition alleges that the sidewalk on
one of defendant's streets was by its negligence per-
mitted to remain in a defective and dangerous condition
for travel, and by reason thereof she fell and received
serious and permanent injuries.

The defendant's answer was a general denial, and
contained a plea of contributory negligence on the part
of the plaintiff.

The evidence on the part of the plaintiff tended to
show that the sidewalk in question was constructed of
boards placed on stringers, the latter at the point where
the alleged injury occurred being off the ground, so
that the walk would sway up and down when a person
passed over it; that two boards were off at the place
and time of the accident, and had been loose and fre-
quently off for months previously; that plaintiff, about
nine o'clock in the evening of May 11, 1890, while
returning home from church in company with her
daughter and two other ladies, stepped into the hole
caused by the absence of these two boards, and fell into
a ditch outside of the sidewalk, by which she received
such a shock as to permanently impair her health and
mind.    No external injuries were proved to have been

caused by the fall.   Plaintiff also knew that this side-walk was out of repair.

On the part of defendant, the evidence tended to prove that the sidewalk was in reasonably safe condition; that Mrs. Burdoin and plaintiff walked from church together, Mrs. Burdoin being on the outside and having plaintiff by the arm, the daughters of these two women being immediately in front of them; that Mrs. Burdoin and plaintiff were conversing when the former stepped off the sidewalk or stumbled and fell off, and thus caused plaintiff to fall; that they knew the defective condition of the sidewalk, and that the difference in plaintiff's condition as to mental and bodily strength and health, ability to work and habits of life, before and after her fall, was scarcely perceptible, some of the witnesses testifying that there was no difference whatever.   The other facts necessary to an understanding of the points decided will appear in the opinion.

I.   An application for change of venue constitutes no part of the record unless made so by bill of exceptions.   *Stearns v. Railroad*, 94 Mo. 317; *State v. Ware*, 69 Mo. 332.   This being the law, we cannot notice the error defendant assigns in the court's action in overruling its application for change of venue, such application not being preserved by bill of exceptions in this case.

II.   Defendant complains of the remarks of counsel.   The record recites that one of plaintiff's attorneys in his closing argument to the jury, "contrary to the objections of defendant's counsel and the admonitions of the court, stated of and concerning a former trial of this case at Chillicothe, Missouri, that one of the defendant's attorneys swore that defendant could not proceed to trial in said cause, because plaintiff had amended her petition, and that defendant wanted to get physicians to examine plaintiff as to the

injuries alleged, and that defendant had failed to do
so; * * * that Mrs. Burdoin had testified that
she had stepped into the alleged hole in the sidewalk,
and the mark of her wounds and injuries were
plain to be seen; that the jury saw her limping into
court, and that she would be a cripple for life; when
the statements of the witness Burdoin as to her own
injuries were voluntary on her part and were objected
to at the time by defendant's counsel, and excluded by
the court; * * * that there is Dr. Kimlin who
treated plaintiff at the time she was injured, why do
you not put him on the witness stand? He said at the
time plaintiff was injured, she had received concussion
of the brain by the fall, and would be injured for life
thereby; * * * that on a former trial of this case
ten of the jurors were in favor of giving the plaintiff a
judgment of $5,000; and their opinions ought to have
some weight with the jury in making up their verdict;
that ten of their fellows had said that their verdict·
should have been $5,000; * * * that the defendant
or its mayor had made an affidavit for a change of
venue in this case, and had sworn that defendant could
not have a fair trial on account of the prejudices of the
inhabitants of the county outside of the town, and
wanted to amend the affidavit so as to include the
inhabitants of the town, and the court would not let
them do so; * * * that plaintiff was a poor widow,
and had no husband; that he had gone before, and she
was following in his footsteps to an untimely grave,
on account of the injuries she had received, when there
was no testimony to warrant said statements nor either
of them; all of which said statements were made in
violation of the admonitions of the court and contrary
to the objections of defendant's counsel, made at the
time of making each and all of them."

Defendant printed what it claimed to be the whole

record, but plaintiff in her counter abstract insists that defendant omitted a part of the record, which, omitting names, is as follows:

"The bill of exceptions this day signed in the case of Addie Evans *v.* The Town of Trenton failing to show the remarks of defendant's counsel in said cause, made preceding the remarks of ——, and to which ——'s was in reply, or the connection in which said remarks were made, I authorize plaintiff, her counsel, if they deem advisable, to file affidavits showing such remarks of opposing counsel and the connection in which ——'s remarks were made. And I certify that during the argument of the cause —— [one of defendant's counsel], in substance said 'the defendant has been harassed by this proceeding. We were compelled to go to Chillicothe where the cause was continued by plaintiff. These women never fell in any hole. They cannot tell you how deep it was or anything about it. If Mrs. Burdoin had struck her leg on the nail in the stringer, could she not tell you how deep the hole was? But she can't.'

"—— and —— both commented on the fact that plaintiff had not called Drs. Kimlin and Patton, and said to the jury in substance: 'We [the defendant] could not call them; that they could only be used by the plaintiff. That notwithstanding that Dr. Kimlin was sent to examine plaintiff we had no right to call him. That plaintiff was afraid to put these doctors on the stand. She knew they would show what a robbery her claim was. She knew they would say she was not injured.'

"—— also said to the jury in substance, 'We did not want to try this case in this county, and made an application for a change of venue against the inhabitants of the county outside of the town of Trenton, and the court overruled the application,' and then they

[defendant's counsel], without consulting Mayor Sykes, asked to be permitted to amend the affidavit for change of venue by striking out 'outside the town of Trenton,' and have Mayor Sykes re-swear to the same. They had not consulted Mayor Sykes at the time of asking to make the amendment, and there is no evidence before you that he would have sworn to it. Both —— and ——, in the course of their argument, denounced plaintiff in the most vigorous terms.

"I signed the original bill of exceptions this A. M. without any misgivings as to the remarks of ——, considering them wholly immaterial, and on the plaintiff's counsel's objection thereto, and before the bill of exceptions was filed, and within a few minutes after delivering it to ——, I went to him to get the same that I might make such corrections as I deemed proper, but he, ——, refused to permit me to have it, and in my presence picked same up, and took it to the clerk, and had it filed. Hence, in justice to myself and parties, I made this statement and ordered it filed in the cause.

"February 23, 1891.        G. L. WINTERS,

"Special judge for trying case of Addie Evans v. The Town of Trenton, Grundy Circuit Court, December Term A. D. 1890."

Plaintiff contends that defendant saved no exceptions at the time to the argument of her attorney. We think otherwise. The record recites that the remarks were made in violation of the admonitions of the court, and contrary to the objections of defendant's counsel, made at the time of making each and all of them.

The words "objection" and "exception" have been by the courts used interchangeably. An exception is never noted to what an attorney or anyone else, except the court, does. An objection to what the attorney does may, however, be made, but it is made to the

court, and when the court rules on such objection the party must save his exception if he intends to insist on it in the future progress of the case. There is no set form by which he shall do this, however. Any words which indicate to the court that the party believes the ruling erroneous, and that he will insist on it in the motion for new trial or arrest of judgment, appeal or writ of error is sufficient.

But here the defendant objected to the remarks, and the court sustained the objections, by admonishing the attorney, and, hence, there was no ruling adverse to the party making the objection, to which an exception could have been taken. All defendant could do, or was required to do, after the admonition of the court to the attorney, was to interpose further objections to a continuation in the line of illegitimate argument, and this it did do, and in its motion for new trial it again set out the matter in specific terms, and duly excepted to the action of the court thereon. This, we think, sufficiently saved the point for review in this court.

Conceding, without deciding, that the judge, under the circumstances detailed by him, was authorized to sign and file the supplemental bill, as an addition to or amendment of the bill of exceptions already filed, we will proceed to an examination of the remarks complained of, and in doing so we will assume that the supplemental bill constitutes a part of the record.

The largest and most liberal freedom of speech is allowed an attorney in the conduct of his client's cause. "The range of discussion is wide. * * * In his addresses to the jury it is his privilege to descant upon the facts proved or admitted in the pleadings; to arraign the conduct of parties; to impugn, excuse, justify or condemn motives, so far as they are developed in evidence; assail the credibility of witnesses, when it

is impeached by direct evidence, or by the inconsistency or incoherence of their testimony; their manner of testifying; their appearance upon the stand, or by circumstances. His illustrations may be as various as the resources of his genius; his argumentation as full and profound as learning can make it; and he may, if he will, give play to his wit or wings to his imagination. To his freedom of speech, however, there are some limitations. His manner must be decorous. All courts. have power to protect themselves from contempt, and indecency in words or sentences is contempt. * * * So, too, what a counsel does or says in the argument. of a cause must be pertinent to the matter on trial before the jury, and he takes the hazard of its not being so. Now, statements of facts not proved, and comments thereon, are outside of a cause. They stand legally irrelevant to the matter in question, and are, therefore, not pertinent. If not pertinent they are not. within the privilege of counsel." *Tucker v. Henniker*,. 41 N. H. 317; *Mitchum v. State*, 11 Ga. 615.

"The profession of the law is instituted for the administration of justice. The duties of the bench and bar differ in kind, not in purpose. * * * It is essential to the proper administration of justice, frail and uncertain at the best, that all that can be said for each party, in the determination of fact and law, should be heard. Forensic strife is but a method, and a. mighty one, to ascertain the truth and the law governing the truth. It is the duty of counsel to make the most of the case which his client is able to give him; but counsel is out of his duty and his right, and outside of the principle and object of his profession, when he travels out of his client's case, and assumes to supply its deficiencies." *Brown v. Swineford*, 44 Wis. 282.

There is no duty the judge has to perform more delicate and embarrassing than to determine, in the first.

place, on the spur of the moment, what exceeds legitimate argument in a cause, and, in the second place, the most appropriate method of rebuke or admonition, without at the same time, by his manner or by some word or act of his, impressing the jurors with the idea that he is opposed to the client and cause of the attorney whom he rebukes or admonishes; yet it is one of the duties he has assumed, and he must perform it on all proper occasions, without regard to its difficulty or delicacy. "The presiding judge is not a mere nose of wax; nor is he a mere umpire in a gladiatorial contest; nor is it merely his office to keep the peace in the courtroom while the advocates and the jurors try the case." 1 Thompson on Trials, sec. 955.

On the contrary it is his duty to exercise a reasonable control over the conduct of counsel, and to check an abuse of the privilege of argument. It was aptly said by the supreme court of North Carolina in *Davis v. Hill*, 75 N. C. 224, that no duty incumbent on the judge of a trial court is more imperative or more important to the fair and orderly administration of justice, than that of interposing to restrain everything in the course of the trial that tends to mislead a jury, and to divert their minds from the strict line of inquiry with which they are charged. The duty of the trial judge in this respect is universally recognized. And it is also well settled that the trial judge being familiar with all the facts and circumstances, as well as the shades of the evidence, must necessarily have a broad discretion in the control of argument, and "it is only in cases where the court has refused to exercise its powers, or where its discretion has been manifestly abused in such matters, that the appellate courts will interfere."

The question in the case at bar arises whether the court did not fail in the performance of its duty during

VOL. 112—26

the argument, in not compelling the attorney to yield obedience to its orders and rulings,—whether its discretion was not abused in refusing a new trial, on the ground that the attorney, without apology, continued in the illegitimate line of argumentation, "contrary to the objections of defendant's counsel and the admonitions of the court," to the manifest or probable prejudice of defendant's rights.

Attorneys sometimes, with a persistency worthy of a better cause, press, during the trial, into the record much that is objectionable, and as soon as they get verdicts they seem to awake to a realization of the fact that they have performed works of supererogation, and have done more to win their causes than was required of them, or more than was necessary, and, as an excuse for this excess of energy, insist that it had no prejudicial effect, and no harm resulted from it. This excuse plaintiff now offers for the remarks of her attorney; for that he traveled out of the record to supply the supposed deficiencies of his client's case, must be conceded; and we think such an excuse unavailing where the attorney's disregard of the admonitions of the court amounts, almost, if not quite, to a contempt of judicial authority, and probably prejudices his adversary. He was advised distinctly by the court in its admonitions, and by opposing counsel in their objections, that both thought he was abusing his privilege, yet he persisted in his illegal course. If his argument probably affected the result to the prejudice of defendant, it was the plain duty of the court to have granted a new trial under such conditions. A prompt and ample apology from the attorney, after he is admonished or rebuked by the court, will ordinarily be held to cure any prejudice his unwarranted remarks may have created; but here no such apology was made, nor did the court compel the attorney to desist. It is not only

the duty of the court to admonish and rebuke, but also to preserve its dignity by compelling obedience to its orders and rulings.

Plaintiff further contends that her attorney's closing argument was a legitimate reply to what had been said by defendant's attorneys. The remarks in regard to defendant's application for a continuance at Chillicothe are claimed to be justified by the statement of defendant's attorney that the defendant has been harassed by this proceeding: "We were compelled to go to Chillicothe where the case was continued by plaintiff." This was out of the record entirely, and plaintiff's attorney would have been justified in replying that defendant had also procured continuances, or that plaintiff had not obtained a continuance; but he went beyond his right to reply in detailing what defendant's attorney swore to, in order to obtain a continuance, and that he did not carry out the purpose of the continuance.

Again it is insisted that the statement of what Dr. Kimlin would have testified to, if called, was authorized as a reply to the remark of defendant's attorney, as to the effect of the failure of plaintiff to call Drs. Kimlin and Patton. A physician is incompetent to testify "concerning any information which he may have acquired from any patient while attending him in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician" (Revised Statutes, 1889, sec. 8925); but a physician may testify as to such information at the instance of his patient. *Mellor v. Railroad*, 105 Mo. 455. Plaintiff testified that Dr. Kimlin was called to see her the day after her fall; that he attended her two or three times, prescribing for her, and then Dr. Patton was called and he waited on her for a few days; but she called neither one of these gentlemen to prove the

extent of her injuries, but was contented to rest her case on the testimony of herself, some unprofessional neighbors, and of doctors who examined her long afterwards; and much of this testimony was based on answers to hypothetical questions. Defendant had no right to call Drs. Kimlin and Patton, and the fact that plaintiff did not call them was a strong circumstance that they would not corroborate her testimony in regard to the extent of her injuries, and defendant was justified in urging this upon the attention of the jury. Defendant's attorney went too far probably in stating to the jury that plaintiff knew these doctors would "show what a robbery her claim was; she knew they would say she was not injured;" yet this did not justify the opposing attorney in making a witness of himself, and telling the jury what Dr. Kimlin said in regard to the most vital issue in the case, the extent of plaintiff's injuries.

What plaintiff's attorney said about the effort of defendant to obtain a change of venue amounted to nothing more than a reply to what defendant's attorneys had stated. If the latter did not desire to have this matter brought before the jury, they ought to have said nothing about it. We come now to statements of the argument, which were not in reply to anything said on the other side. One of these was in regard to the excluded testimony of Mrs. Burdoin as to her own injuries, and another was in regard to plaintiff's condition in life. Both of these statements were clearly outside of the record, and very objectionable. But the most harmful statement, and the one least justified, is that in regard to how ten of the jurors on a former trial stood as to the amount of damages plaintiff ought to be awarded. As already stated, the evidence was very conflicting, as to the extent of plaintiff's injuries, and the jury might very well have found that she

received no injury from the fall to her person or mind beyond a temporary shock, and in that case $4,000 would clearly be excessive damages; on the other hand, if her injuries were permanent as she testified and produced evidence to prove, then we cannot say that the amount given her exceeded just compensation. The issue as to the extent of the injury "hung trembling in the balance," and plaintiff's attorney undertook to supply the deficiency in the evidence in the first place by stating to the jury what Dr. Kimlin said about it, and in the second place by stating what ten jurors on a former trial thought the damage ought to be, and that the opinion of these men ought to have an influence over the jury then trying the case. Considering the state of the evidence in this case we think these statements, all taken together, constituted a gross abuse of the privilege of argument, and that it is probable they had the effect to materially increase the amount of the verdict, and, so believing, we feel it our duty to award a new trial. *Brown v. Railroad*, 66 Mo. 588; *Sidekum v. Railroad*, 93 Mo. 400; *Ritter v. Bank*, 87 Mo. 574; *State v. Barham*, 82 Mo. 67; *Haynes v. Trenton*, 108 Mo. 123.

The judgment will be reversed and the cause remanded for a new trial. All concur.