## City of Warsaw v. Fisher.

[No. 2,819.   Filed Oct. 25, 1899.   Rehearing denied Jan. 30, 1900.]

EVIDENCE.—*Privileged Communications.—Physician and Patient.*— Where a physician treated a patient for injuries caused by a defective sidewalk, the protection afforded by the statute, making communications from patient to physician privileged, is not removed by the patient bringing suit against the city for damages for such injuries. *pp. 47, 48.*

DAMAGES.—*Privileged Communications.—Failure to Call Physician as Witness.—Comments.—Instructions.*—In the trial of an action for personal injuries counsel for defendant may comment upon the failure of plaintiff to call as a witness the physician who attended him for such injuries, and an instruction that the jury should not consider the fact that such witness was not called to testify was erroneous. *pp. 48-50.*   Black and Henley, JJ., dissenting.

EVIDENCE.—*Expert Testimony.—Hypothetical Question.*—An objection to a hypothetical question was properly sustained where there was no evidence tending to establish the facts assumed in the question. *pp. 50, 51.*

DAMAGES.—*Personal Injuries.—Capacity to Earn Money.*—An averment in a complaint for personal injuries that plaintiff was a minister of the Gospel, and that the injuries sustained rendered him unable to carry on said occupation on account of a partial loss of his voice resulting therefrom, was sufficient to authorize a recovery for the reduction of his power to earn money by reason of such injuries. *pp. 51, 52.*

From the Kosciusko Circuit Court.   *Reversed.*

*E. Haymond, L. W. Royse, B. Shane* and *W. D. Frazer,* for appellant.

*J. W. Cook, L. R. Stookey* and *A. F. Biggs,* for appellee.

COMSTOCK, C. J.—Appellee sued appellant to recover damages for personal injuries occasioned by a defective sidewalk. The complaint is in three paragraphs. It alleges that appellant, as a city, was bound to keep its sidewalks safe for travelers over them; that it failed to perform this duty as to a particular portion; that said portion was suffered to become and remain rotten, decayed, defective, and dangerous to travelers for a period of six months prior to the happening of the accident; that appellee, while traveling over said portion, stepped upon one of the boards, which broke under him, and caused him to receive the injury for which he sues. The cause was tried by a jury, and resulted in a verdict and judgment in favor of the appellee for $3,500. Of the errors assigned, only those growing out of the action of the court in overruling the motion for a new trial are discussed. They will be considered in the order in which they are presented by appellant's brief.

The first error (as claimed) discussed is the action of the court in not permitting Dr. Berkit, a witness called by appellant, to testify. The testimony sought to be elicited from Dr. Berkit was in conflict with the statements made by appellee. The objection was sustained upon the ground that the information was confidential. Appellant insists that the statute rendering such information confidential is purely for the protection of the person under treatment, and that, when the patient removes the shield from the sick room, and publishes everything that occurs therein, there is no longer a reason to be served by closing the mouth of the physician. Counsel cite the following Indiana cases as supporting their position: *Nave* v. *Baird,* 12 Ind. 318; *Lane* v. *Boicourt,* 128 Ind. 420; *Becknell* v. *Hosier,* 10 Ind. App. 5. The foregoing were suits for malpractice, and it was held that where

City of Warsaw *v.* Fisher.

an attorney or a physician is sued by a client or a patient, and the client or patient testifies as to the advice given or services rendered, and directly attacks the skill, ability, and integrity of the attorney or physician, the defendant shall have the right to testify in his own behalf. In *Lane* v. *Boicourt, supra,* at page 423, the court said: "If a patient makes public in a court of justice the occurrences of the sick room for the purpose of obtaining a judgment for damages against his physician, he cannot shut out the physician himself, nor any other who was present at the time covered by the testimony." These expressions of the court must be held to apply to the case under consideration, and not as setting aside the general rule announced in the following, among other cases, decided by the Supreme Court: *Aetna Ins. Co.* v. *Deming,* 123 Ind. 384; *Williams* v. *Johnson,* 112 Ind. 273; *Penn, etc., Ins. Co.* v. *Wiler,* 100 Ind. 92; *Masonic Assn.* v. *Beck,* 77 Ind. 203, 40 Am. Rep. 295; *Excelsior Assn.* v. *Riddle,* 91 Ind. 84. See, also, *Springer* v. *Byram,* 137 Ind. 15, 22, 23 L. R. A. 244. Appellant cites *Treanor* v. *Manhattan R. Co.,* 16 N. Y. Supp. 536. It is in point, and supports the doctrine for which appellant contends, but it can not be reconciled with the foregoing decisions from our own State. The court properly excluded the offered testimony.

The second question discussed is the action of the court in not permitting one of the counsel for appellant, in the course of his argument before the jury, to comment on the fact that appellee had not called and examined as a witness Dr. Berkit, one of the physicians who had attended him; and the giving of instruction number nine. These two alleged errors are discussed together. The instruction reads as follows: "Some comment has been made by counsel in argument upon the fact that Dr. Berkit, who was the attending physician of the plaintiff at the time of the alleged injuries, has not testified as to any fact concerning such injury. It is the law that confidential relations exist be-

tween a physician and his patient that cannot be disclosed unless waived by the patient.    The fact that Dr. Berkit did not testify to any facts occurring during such confidential relations is a matter with which you have nothing whatever to do, and should not be considered by you in your deliberations, neither for nor against the defendant, nor for nor against the plaintiff; and it will not be proper for you to discuss or in any manner consider the same for or against either party."    In 2 Ency. of Pl. and Pr. (page 714), the right of counsel to comment upon the absence of a witness is thus stated: "Counsel may comment upon the absence or nonproduction of witnesses by the adverse party when they are shown or presumed to be cognizant of the facts in issue." The author cites, *Missouri Pac. R. Co.* v. *White*, 80 Tex. 202, 15 S. W. 808; *Tipton* v. *State*, 30 Tex. App. 530, 17 S. W. 1097; *Gray* v. *Burk*, 19 Tex. 228; *VanSlyke* v. *Chicago, etc., R. Co.*, 80 Iowa 620, 45 N. W. 396; *Goodman* v. *Sapp*, 102 N. C. 477, 9 S. E. 483; *City Nat. Bank* v. *Bridgers*, 114 N. C. 383, 19 S. E. 666; *State* v. *Kiger*, 115 N. C. 746, 20 S. E. 456; *Chambers* v. *Greenwood*, 68 N. C. 274; *State* v. *Weddington*, 103 N. C. 364, 9 S. E. 577; *Grubbs* v. *North Carolina Ins. Co.*, 108 N. C. 472, 13 S. E. 236, 23 Am. St. 62; *Gavigan* v. *Scott*, 51 Mich. 373, 16 N. W. 769; *Green* v. *State*, 97 Ala. 59, 12 South. 416 and 15 South. 242; *Graves* v. *United States*, 150 U. S. 118, 14 Sup. Ct. 40; *Kircher* v. *Milwaukee, etc., Ins. Co.*, 74 Wis. 470, 43 N. W. 487, 5 L. R. A. 709. .

In the following cases it has been held that in an action for personal injuries counsel for the defendant may comment upon the omission of the plaintiff to call as a witness the physician who attended him.    *Evans* v. *Town of Trenton*, 112 Mo. 390, 20 S. W. 614; *Bullard* v. *Boston, etc., R. Co.*, 64 N. H. 27, 5 Atl. 838; *Cooley* v. *Foltz*, 85 Mich. 47, 48 N. W. 176.

City of Warsaw v. Fisher.

In the ·case of *Carpenter* v. *Pennsylvania R. Co.*, 43 N. Y. Supp. 203, 13 App. Div. 328, it was held that the failure of a party to call as a witness his wife, who had knowledge of the facts, raises a presumption·that her testimony would have been injurious to. him, since the wife of a party is not equally available as a witness to the adverse party as for the husband. It was not improper, under the foregoing and numerous other decisions that might be cited, to comment upon the absence of this testimony. It follows that the court erred in giving the instruction, and for this reason the judgment must be reversed.

The following questions were propounded by appellant to Dr. Berkit, a witness in its behalf: "As an expert physician and surgeon, have you noticed the plaintiff walking here in the court room?" "Have you seen him (plaintiff) since that time walking on the street, and have you seen him for the past few days in the court room, and walking about the court room?" "I will ask you this question, excluding any knowledge or information you obtained while treating the plaintiff, and judging from his appearance, and what you have seen of his walking, and his acting, and his movements,—physical movements of all kinds and character: State to the jury whether or not, in your opinion as a physician and surgeon, he has any paralysis of the left leg." The questions were based upon facts that had come to the knowledge of the witness after he had quit treating appellee. Objections were sustained to each of these, and the facts that appellant expected to prove in answer thereto were stated. The objections were sustained to each, and exceptions taken thereto. These rulings are cited as error. The first and second questions were preliminary, and the court erred in excluding them. The fault of the third question lies in the fact that there was included in it no statement of the facts admitted, or proved, or assumed to be true, on which an opinion could be based. The witness was not asked to state any fact observed by him

under the circumstances specified. "The rule is well established that an expert witness, in giving his opinion, must first state all the facts upon which he bases his opinion." *Louisville, etc., R. Co.* v. *Holsapple*, 12 Ind. App. 301, 306, and authorities there cited. In the statement of what appellant expected to prove in answer to the last question, counsel said that they expected to prove that the witness "as an expert physician and surgeon, had given close attention to the plaintiff, and especially to his walking, while in the court room, during the progress of the trial, and that, if permitted to answer, he would testify that, in his opinion, plaintiff's left leg was not affected in any way." This statement amounted only to an expression of the intention to give an opinion, without the statement of the facts upon which it was based. The court did not err in sustaining the objection.

An objection was sustained to the following question propounded to the same witness, in which appellant claims that the court erred. "I will ask you this question as an expert: If a person claims to be paralyzed in his voice,—his vocal organs,—and exhibits great difficulty in speech, and yet, when becoming excited, would talk off sentence after sentence without any stuttering, or any impediment, would you conclude as an expert that he was paralyzed in the voice, or that he was not?" Appellant's counsel stated that they expected to prove, in answer to the question, that the facts stated in the hypothetical question would tend to prove malingery, and that the person is not paralyzed in his voice. It is not claimed that there is any evidence tending to establish the facts assumed, nor does counsel state that evidence would be introduced to establish the facts. The objection was, therefore, properly sustained.

Counsel next contend that the court erred in refusing to give instructions numbers one and two requested by appellant. These instructions were fairly covered by instructions given; the first by instruction eight, the second by

City of Warsaw *v.* Fisher.

instruction five.  It is also argued that the giving of the following portions of instruction number thirteen to the jury on the question of damages was error: "In addition, you may consider the professional occupation of the plaintiff, and his ability to earn money; and he will be entitled to recover for any permanent reduction of his power to earn money by reason of his injuries."  It is argued that damages which accrue by reason of injuries which affect a person's capacity to earn money are special; that, in order to recover for such damages, they must be specifically alleged, and that this complaint fails to do this.  The complaint contains this averment: "That plaintiff is a minister of the Gospel, and that his said injuries render him unable to carry on said occupation on account of a partial loss of voice, resulting from said fall upon said sidewalk."  This averment apprised appellant of what appellee expected to prove, but appellant's counsel claim that this was not sufficient to authorize any recovery on that averment.  The instruction is sustained by the following decisions: *City of Indianapolis* v. *Gaston*, 58 Ind. 224; *City of Logansport* v. *Justice*, 74 Ind. 378, 39 Am. Rep. 79; *Town of Elkhart* v. *Ritter*, 66 Ind. 136.

There are other alleged errors discussed, but as they may not arise upon a second trial of the cause, we do not deem it necessary to discuss them.  The judgment is reversed, with instructions to the trial court to sustain the motion for a new trial.

### DISSENTING OPINION.

BLACK, J.—Our statute, §505 Burns 1894, §497 Horner 1897, provides that physicians shall not be competent witnesses as to matter communicated to them as such by patients in the course of their professional business, or advice given in such cases.

In *Penn, etc., Ins. Co.* v. *Wiler*, 100 Ind. 92, 50 Am. Rep. 769, it was said, in discussing this statute, that, while the

modern statutory changes in this and other states upon the subject of witnesses have not included the abolishment of the common law protection of confidences between attorney and client, which in this State are expressly protected by statute, they have extended what was evidently intended to be a like protection to confidences between physician and patient. It was there further said that the purpose of the statute is not the suppression of the truth needed for reaching correct results in litigation, though this may sometimes incidentally occur, as it may in other instances of exclusion on the ground of wise policy, but the purpose is the promotion and protection of confidence of a certain kind, the inviolability of which is deemed of more importance than the results sought through compulsory disclosure in a court of justice; and it was held that, notwithstanding the absolutely prohibitory form of this statute, it confers a privilege which the patient, for whose benefit the provision is made, may claim or waive.

In *Eddington* v. *Insurance Co.*, 5 Hun 1, it was said that the statute of New York "was enacted for the purpose of extending to the relation between a patient and his physician the same rule of public policy by means of which the common law protected the professional confidence existing between a client and his attorney,  *   *   *   and it should be interpreted and enforced in a liberal spirit, with a view to effectuate its purpose." This language was, in *Masonic Assn.* v. *Beck*, 77 Ind. 203, 40 Am. Rep. 295, said to be applicable to our statute on the subject then in force, affording protection like that given by our statute now in force. See *Penn, etc., Ins. Co.* v. *Wiler*, 100 Ind. 92; *Excelsior, etc., Assn.* v. *Riddle*, 91 Ind. 84; *Carthage Turnpike Co.* v. *Andrews*, 102 Ind. 138, 52 Am. Rep. 653; *Williams* v. *Johnson*, 112 Ind. 273; *Huston* v. *Simpson*, 115 Ind. 62; *Morris* v. *Morris*, 119 Ind. 341; *Aetna Ins. Co.* v. *Deming*, 123 Ind. 384; *Pennsylvania Co.* v. *Marion*, 123 Ind. 415, 7 L. R. A. 687; *Springer* v. *Byram*, 137 Ind. 15,

23 L. R. A. 244; *New York, etc., R. Co.* v. *Mushrush,* 11 Ind. App. 192.

Where a party did not call as a witness his attorney, who was present at the time of the transaction in dispute, and was present at the trial, though, under the rule of the court, the attorney could have testified by leave of court, or without leave by afterwards withdrawing from participation in the trial, it was held not error for the court to interrupt the argument of another attorney and prevent him from commenting upon such omission, and to instruct the jury not to draw any unfavorable inference against the party because of such omission. *Freeman* v. *Fogg,* 82 Me. 408.

In *Graves* v. *United States,* 150 U. S. 118, it was held that, the wife of a person accused of crime not being a competent witness either for or against him, a comment of the district attorney permitted by the court upon her absence from the trial was reversible error.

In *Wentworth* v. *Lloyd,* 10 H. L. Cas. 589, commenting upon the case of a party who enforces the rule against the disclosure by his solicitor of knowledge professionally acquired, Lord Chelmsford expressed the opinion that there was no analogy between a client closing the mouth of his solicitor upon a question as to professional communications and the conduct of the jeweler in *Armory* v. *Delamirie,* 1 Strange 505, who, when a mounted jewel which had been found was brought to him, took out the stones, and returned the empty socket to the finder, and, not producing the jewel at the trial of the action brought to recover its value, was made to pay in damages the value of a jewel of the finest water which would fit the socket, upon the rule *omnia praesumuntur contra spoliatorem.* His Lordship remarked that to say that when a party refuses to permit professional confidence to be broken, everything must be taken most strongly against him, what is it but to deny him the protection which, for public purposes, the law affords him, and utterly to take away a privilege which could thus only be asserted to his prejudice?

The cases referred to in the opinion of the majority as cases cited in the Ency. of Pl. and Pr. in support of the proposition that counsel may comment upon the absence or non-production of witnesses by the adverse party, when they are shown or presumed to be cognizant of the facts in issue, do sustain that general proposition, but they do not involve the question as to privileged communications to physicians.

In *Bullard* v. *Boston, etc., R. Co.*, 64 N. H. 27, 5 Atl. 838, 10 Am. St. 367, it does not appear from the report of the case that there was any statutory provision respecting the competency of physicians to testify concerning confidential communications to them as physicians; and in *Evans* v. *Town of Trenton*, 112 Mo. 390, 20 S. W. 614, and *Cooley* v. *Foltz*, 85 Mich. 47, 48 N. W. 176, there are no discussions upon the question, and the remarks pertinent to the question here involved seem unnecessary for the decision of those cases.

It is true, as a general rule, that, where a party suppresses evidence, a presumption may be indulged that its production would be against his interest; but shall the exercise of the statutory privilege relating to confidential communications to a physician be classed as a suppression of evidence? If it be true, as a general rule, that, where a party withholds evidence in his possession, and within his power to produce, which is pertinent to the case and adapted to the removal of doubts or uncertainty, the jury may be justified in drawing the inference or indulging the presumption that the evidence withheld would be injurious to the cause of the party withholding it. This amounts practically to a requirement to produce the evidence; and such a rule should not be extended to evidence which the statute permits a party to withhold. To hold that where the patient has asserted the privilege, and has, by his claim of right, excluded the testimony of the physician, this shall raise a presumption that the testimony excluded would have been prejudicial to the patient, has practically the detrimental effect which

would accrue from the overruling of his objection, or the waiver of the privilege, and the admission of injurious testimony from the physician.  Where a party exercises his statutory right to exclude the testimony of a witness, there is a sufficient reason for the absence of the testimony from the case; and its non-production, therefore, cannot be a proper subject for adverse comment.  The rule which the opinion of the majority favors would, in effect, deprive a party of his statutory right to treat his communications to his physician as privileged, and would turn that which the statute provides for his protection into a snare for his entrapping.  The exercise of the statutory privilege by a party would result in benefit to his adversary.  In many cases it must be supposed the party securing the enforcement of the statute would sacrifice all the benefit of the evidence in his favor, and would lose his case, simply because he did what the statute gave him an unqualified right to do.  I am of the opinion that there was no error in the action of the court in restraining counsel in argument, or in the giving of instruction number nine.

Henley, J., concurs in the dissenting opinion.