## Ex Parte DICK & BROTHERS QUINCY BREWERY COMPANY, Petitioner, v. JAMES ELLISON et al., Judges of Kansas City Court of Appeals.

### In Banc, April 1, 1921.

1. **CERTIORARI: Conflict in Opinions: Facts Outside of Record.** In a *certiorari* to a court of appeals, wherein it is asserted by relator that said court's ruling that the evidence was sufficient to submit the case to the jury contravened prior decisions of the Supreme Court, evidence which does not appear in the opinion of the court of appeals cannot be considered.

2. ———: ———: **Other Decisions of Court of Appeals.** On *certiorari* to a court of appeals, conflict of its opinion with other decisions of courts of appeals cannot be made the basis of quashing said opinion.

3. ———: ———: **Agency: Presumption Arising from Ownership: Question for Jury.** Where a plaintiff was injured by an auto-truck in use for the delivery of beer and soda water, and there was no question that the driver was in the course of employment, and the real question at issue was whether the relationship of agency or master and servant existed between the driver and a brewery-company, and the Court of Appeals in its opinion says the evidence tended to show that a certain firm was conducting the business of distributing beer on commission, and hired the driver in that business; that the truck was owned by the brewery company; that it had been substituted by it for horse-drawn trucks; that it caused its own name to be printed upon it; that no charge was made against the firm for its use; that repair bills were paid by the brewery company; that it paid the rent on the building occupied by the firm, and maintained at its own expense the refrigerating plant for cooling beer; that it fixed the sale price of beer; that containers, when empty, were returned to the company at its expense; that the firm acted for it in collecting notes and rents and buying saloon buildings for the company; that the company carried insurance on the truck and had previously settled a claim for damages arising out of an accident in which the truck had a part, and then rules that such evidence was sufficient to carry the case to the jury on the question whether the driver was the agent of the brewery company in delivering the beer, and further rules that said issue does not rest upon any mere presumptions arising out of the ownership of the truck, but upon direct testimony concerning the relations between the company and the firm, and also upon inferences of fact which the jury were entitled to draw from the evidence, its said rulings do not conflict with prior decisions of the Supreme Court.

4. ———: ———: **Instruction: Covering Whole Case.** It will not be ruled that the Court of Appeals violated previous rulings of the Supreme Court in holding that the instruction given for plaintiff which undertook to cover the whole case contained every necessary element entitling plaintiff to recover against relator, including a requirement for a finding of the existence of such a relation between a firm and the truck driver who negligently caused the injury, on the one hand, and relator on the other, as to render relator liable for the driver's negligence, where an examination of the instruction itself shows that it did in express words include such requirement and all other necessary elements.

5. ———: ———: **Evidence: Personal Injuries: Members of Family: General Objection: Repetition.** It is settled law in this State, and has been since Dayharsh v. Railroad, 103 Mo. l. c. 577, that, in an action for damages for personal injuries negligently inflicted,

Vol. 287]       OCTOBER TERM, 1920.       141

Ex parte Dick & Bros. Brewery Co. v. Ellison.

it is error to admit, over proper and timely objection, evidence of the number of plaintiff's children and who compose his family; and while the Court of Appeals so held, its ruling that a general objection was insufficient to save the point was error, and conflicts with prior decisions of the Supreme Court, in view of the fact that the evidence was incompetent for any purpose, and a general objection to it was timely made, and the general objection held inadequate by the Court of Appeals was made, not to a new question, but to a repetition of the question after the trial court had ruled the evidence admissible.

6. **EVIDENCE: General Objection: Exception.**   An exception exists to the rule that a general objection that certain evidence is irrelevant, incompetent and immaterial is too broad and sometimes constitutes no objection at all.   It is that if the evidence objected to is not competent for any purpose a specific objection has no office and a general objection is sufficient.

7. ———: ———: **Repetition.**   Once an objection has been seasonably made and overruled and exception saved, it is not necessary, in order to save the point, to continue to repeat the objection to the same testimony.   On the contrary, persistence in a running fire of the same objection to the same testimony might become indecorous and disrespectful.

8. ———: ———: **Materiality Not Foreseen.**   The admission of incompetent testimony cannot be excused on the theory that at the opening of the trial the court cannot know that the testimony objected to may not prove competent in some way at later stages of the proceeding.   If this were a true theory, then any evidence wholly incompetent can be admitted without error, since it is open to scarcely any other than a general objection, and no general objection would be good at the beginning of the trial.

9. ———: **Responsive Answer: Shown by Subsequent Testimony.**   The answer "ten children" is responsive to the question, "Who compose your family?" and it is not shown to be irresponsive by subsequent testimony showing it to be in part untrue.

10. ———: **Objections: Made by One of Several Defendants.**   When one of several defendants makes an objection to the admission of testimony it is unnecessary for the others to repeat it in order to put themselves in position to base an assignment of error upon it on appeal.

11. ———: ———: ———: **Motion for New Trial.**   Likewise, one of a group of defendants may, in his motion for a new trial, adopt an objection made by another defendant to a ruling of the trial court in admitting evidence and base an assignment of error thereon.

## *Certiorari.*

RECORD QUASHED.

*Culver & Phillip, John S. Boyer, William B. Bostian,* and *R. R. Brewster* for relator.

(1) The trial court erred in refusing to give the peremptory instruction asked by the defendant at the close of plaintiff's case, and, again, at the conclusion of all the testimony, and the decision of the Court of Appeals affirming its ruling in that regard is at variance with the latest controlling decisions of this court. Any presumption that might have arisen from the ownership of the truck in question and from other facts and circumstances was swept aside and destroyed by the direct and positive testimony introduced by plaintiff himself. Hays v. Hogan, 273 Mo. 1; Guthrie v. Holmes, 272 Mo. 215; Bollman v. Bullene, 200 S. W. 1068; Mockowik v. Railroad, 196 Mo. 571; Glassman v. Harry, 182 Mo. App. 308; Spellman v. Delano, 177 Mo. App. 33; Allen v. Coglizer, 208 S. W. 102. (2) Plaintiff's instruction number two, which purported to cover the whole case was erroneous and prejudicial in that it lacks the essential elements of liability, and the decision of the Court of Appeals upholding this instruction is in direct conflict with the following latest controlling decisions of this court: State ex rel. v. Ellison, 272 Mo. 583; Wojtylak Coal Co., 188 Mo. 283; Hall v. Coal Co.; 260 Mo. 367; Walker v. White, 193 Mo. App. 18; Traylor v. White, 185 Mo. App. 331; Humphries v. Railway, 191 Mo. App. 721; Pearson v. Lafferty, 193 S. W. 43; Kerr v. Bush, 198 Mo. App. 617; Dalrymple by Guardian v. Motor Co., 135 Pac. 91, 48 L. R. A. (N. S.) 424; Standard Oil Co. v. Anderson, 212 U. S. 215; Wyllie v. Palmer, 137 N. Y. 248, 19 L. R. A. 285. (3) The errors and omissions contained and made in plaintiff's instruction number two cannot be corrected and supplied by other instructions, inasmuch as plaintiff's instruction number two purports to cover the whole case.

Ex parte Dick & Bros. Brewery Co. v. Ellison.

Walker v. White, 192 Mo. App. 18; State ex rel. v. Ellison, 272 Mo. 583; Humphries v. Railway, 191 Mo. App. 721; Hall v. Coal Co., 260 Mo. 367.   (4)   The trial court committed error in permitting plaintiff to testify as to the number of his children and the ruling of the Court of Appeals upon this point is in direct conflict with the following latest controlling decisions of this court: Hecke v. Dunham, 192 S. W. 120; Dayharsh v. Railway, 103 Mo. 570, 23 Am. St. 900; Williams v. Railway, 123 Mo. 573; Mahaney v. Railway, 108 Mo. 191; Stephens v. Railway, 96 Mo. 207.   (5)   Where appellant has once squarely objected to the introduction of certain evidence, it is not necessary that he follow it up with repeated objections on the same point.   Bailey v. Kansas City, 189 Mo. 512; Wabash Ry. Co. v. Cockrell, 192 S. W. 446; Schierbaum v. Schemme, 157 Mo. 1; Gold v. Jewelry Co., 165 Mo. App. 154, Reynolds v. Publisher, 155 Mo. App. 612.

*Duvall & Boyd* for respondents.

(1)   This court will not, under its rules governing applications for writ of *certiorari,* notice petitioner's charge that " the demurrer to plaintiff's evidence should have been sustained by the trial court."   State ex rel. Scullin v. Robertson, 187 S. W. 34; State ex rel. Dunham v. Ellison, 213 S. W. 459.   (a)   This court, for the facts in the case, will go only to the opinion of the Court of Appeals, and will not review the record to determine whether or not a demurrer should have been sustained. State ex rel. Dunham v. Ellison, 213 S. W. 459; State ex rel. Wahl v. Reynolds, 272 Mo. 588; State ex rel. Commonwealth Trust Co. v. Reynolds, 213 S. W. 804; State ex rel. Const. Co. v. Reynolds, 214 S. W. 369.   (b)   The Court of Appeals found that " there was ample evidence from which the jury could find that the delivery of beer, in which the truck was engaged at the time of the injury, was the business of the brewery company," and that point is not before this court.   The cases of Hays v. Hogan, 273 Mo. 1, Guthrie v. Holmes, 272 Mo. 215, and Bolman v. Bul-

lene, 200 S. W. 1068, cited by relator, and other similar cases cited by it, are not controlling in this case. As pointed out by the Court of Appeals in its opinion, there was proof of abundance of facts from which the jury could infer that the driver of the truck, although employed by Davis & Sons, was in fact the servant of appellant, Dick & Bros. Lockwood v. Am. Exp. Co., 76 N. H. 530; Epstein v. Ruppert, 29 Md. 432; Sandifer v. Lynn, 52 Mo. App. 553; Diel v. Henry Zeltner Brewing Co., 51 N. Y. Supp. 930; Williams v. National Cash Register Co., 157 Ky. 164; Usher v. Tel. Co., 122 Mo. App. 98; Banks v. Southern Exp. Co., 53 S. E. 156. (2) Plaintiff's instruction number two, which submitted the issuable facts, was correct. Counsel for petitioner complained that it did not require the jury to find that "the driver of the truck, at the time and place in question, was the agent, servant or employee of the petitioner," and is therefore erroneous. The instruction did better than that. It required the jury to find facts, which, if true, constituted him the agent of petitioner. (3) The Kansas City Court of Appeals correctly ruled against relator the contention that the trial court committed error in allowing the plaintiff to answer the question "who compose your family?" No objection was made to that question by anybody. The question was asked and answered at the outset of plaintiff's testimony and at the beginning of the trial. The question "Who are the members of your family?" was asked by counsel who represented Davis & Sons but who did not represent the brewery company said: "We object to it as being incompetent, irrelevant and immaterial." That question was not answered and the one now complained of was then asked and answered without any objection by any one. Even if it could be said that the questions were the same, but they were not, the objection made by counsel for Davis & Sons amounted in law to no objection. Fuller v. Robinson, 230 Mo. 22; Stevens v. Knights etc., 153 Mo. App. 196; Renfrew v. Goodfellow, 162 Mo. App. 333. (b) Such an objection would not be good unless the evidence elicited self-evidently could serve no purpose in the case. Surely it cannot be said that at

the very beginning of the trial, the trial court should have known that the evidence elicited by the question was absolutely immaterial and would serve no purpose whatever in the trial of the case. How could the trial court know at that stage of the case but that the members of his family would be introduced to describe plaintiff's injuries and sufferings, or for some other material purpose? (c) But no objection was made by anyone to the question which was answered; nor was any motion made to strike out the answer. Nor was the point preserved in relator's motion for a new trial. The only complaint made by the relator in its motion for a new trial as to the admission of evidence was in these words: " The court erred in admitting over the objection of this defendant, incompetent, irrelevant and immaterial evidence offered by the plaintiff." (4) Relator has not shown and cannot show that in the opinion and judgment of the Court of Appeals in the case of Vaughn v. Davis et al., it announced any general principle of law contrary to the latest announcement of this court upon the subject, or, on a given state of facts, announced and applied any conclusion of law contrary to a conclusion of this court on a similar state of facts, and the writ of *certiorari* should not have issued in this case. State ex rel. Peters v. Reynolds, 214 S. W. 122.

JAMES T. BLAIR, J.—*Certiorari.* The record brought here by the writ is that of the Kansas City Court of Appeals in Vaughn v. Wm. F. Davis & Sons et al., 221 S. W. 782. Vaughn was struck and injured by an automobile truck in use for the delivery of beer and soda water in the City of St. Joseph. He sued W. F. Davis & Sons, of St. Joseph, and Dick & Brothers Quincy Brewery Company, an Illinois corporation, and had judgment. The brewery company, relator here, alone appealed. The Court of Appeals affirmed the judgment.

Relator contends the opinion rendered in the case is in several respects in conflict with decisions of this

287 Mo.—10

court. One of these contentions goes to the ruling that there was sufficient evidence to take to the trial jury the question whether relator was liable for damages resulting from the truck driver's negligence. This makes it necessary to set out the facts stated in the opinion of the Court of Appeals in connection with the ruling mentioned. These facts are as follows:

"There was no question but that the driver was in the course of his employment, driving the truck in the business of delivering beer, for which it was intended and used; nor is there now any contention over the fact that he negligently ran plaintiff down and injured him permanently and seriously. The great contest is over the question whether the relationship of agency or master and servant can be said to have existed between the driver and the brewery company so as to render the latter liable for the former's negligence. Or, in other words, is the evidence such that the jury can say such a relationship did exist?

"The record discloses that at the time of the injury, and for four years prior thereto, Davis & Sons were distributing agents for the brewery company in the City of St. Joseph, and were also engaged in the manufacture and sale of soda water. They occupied a certain building at Main and Isadore streets on which the brewery company paid the rent, and in it were stored the shipments of beer which the brewery regularly made to St. Joseph. In it the brewery company maintained a refrigerating plant and paid the expense of refrigeration, so as to keep the beer at the proper temperature until it was delivered to the saloons and possibly elsewhere throughout the city. The brewery company paid for the wholesale and retail liquor licenses which were required of Davis & Sons. The brewery company fixed the price at which the beer, which Davis & Sons, distributed, was sold. Davis & Sons sold and delivered the beer from said warehouse or depot, collected the money for it, deducted their commission, and remitted the balance to the brewery company, and the empty barrels and cases

were returned to it at Quincy at the latter's expense. In addition to distributing beer, Davis & Sons collected rents and notes due the brewery company, representing it in making contracts whereby the retailer agreed with the brewery company to handle the brewery company's beer, and in the buying of saloons for the brewery which were licensed in the name of individuals, but which belonged to the company. The compensation Davis & Sons received for all these things was the commission they got on the beer sold.

"Formerly, the beer had been delivered in wagons furnished by the brewery company, but about a year before plaintiff's injury the brewery company in lieu thereof sent the truck in question to be used in the delivery of beer by Davis & Sons, and the purpose was to 'expedite the delivery of' the brewery company's beer in St. Joseph. At the direction of the company Davis & Sons had painted on one or both sides of the truck the sign 'Dick & Bros. Quincy Brewing Company,' the brewery company bearing the expense thereof. When it was necessary to repair the truck the expense thereof was borne by the brewery company. Also, at the direction of the company, Davis & Sons took out two policies of indemnity insurance, the premiums on both of which were paid by the company. One of these policies insured the the brewery company against loss or damage to the truck caused by collision, and the other insured the brewery company against liability on account of injuries to any person by the truck in question. After these policies were issued, but prior to plaintiff's injury, the truck was involved in another accident, claim for which was settled by an attorney representing the brewery company. This evidence in relation to the policies and the settlement of a claim thereunder was admitted solely as bearing on the relationship existing between the brewery company and the truck, together with the business in which it was being used. The foregoing facts were elicited from W. F. Davis, whom plaintiff put upon the stand, and who, when asked as to the arrangements between

Davis & Sons and the brewery company with reference
to sending the truck to them, replied:

"  'They (the brewery company) sent it here for
to use in their business.'

"And when asked why they sent it, he replied:

"  'They sent it here to be used in hauling and de-
livering beer.   Q.   Whose beer?   A.   Dick & Bros.,
Quincy, Ill.'

"Under cross-examination, however, by the brewery
company the following was brought out:  That the driv-
er of the truck was employed 'through' W. F. Davis &
Sons, and they paid him; that Dick & Bros. Brewery
Company sold beer to no one in St. Joseph except to
Davis & Sons; that they, Davis & Sons, bought f. o. b.
Quincy, Ill.  In answer to the question, 'Whose beer is
it which you buy when it is loaded on the train at
Quincy?'  He said, 'It is supposed to be ours.'  It was
further elicited by defendant in cross-examination of
Davis, and through other testimony offered by the ap-
pellant herein, that Davis & Sons delivered the beer by
means of this truck, which was owned by the brewery
company, but was 'loaned,' without charge, for use as
a matter of accommodation and custom between them,
and that Davis & Sons were also permitted to use the
truck in delivery of their soda water; that regardless of
whether Davis & Sons sold the beer they 'ordered' or
whether they collected or did not collect for it, they owed
the amount they ordered.  It was elicited, however, that
when they ordered beer they 'just sent in an order for
it.'  When asked what terms are stated, witness answer-
ed, 'No terms at all.'  When asked what were the agreed
terms between them, he said, 'We sell the beer and send
them the invoice price.'  When asked if Davis & Sons
sold a barrel of beer to a man in St. Joseph who never
paid for it, would they 'have to pay for that beer just
the same to Dick Bros.?' he answered, 'Well, yes; we
do.'  When asked who directed the driver of the truck
where to go and prescribed his duties, he said. 'W. F.
Davis & Sons, I suppose.'  And when asked, 'Did Dick

Bros. have anything whatever to do with deciding who should drive the truck, where he should go, what he ought to do, or have anything to do by way of directing his actions?' he replied, 'None.' "

I.   The Court of Appeals held the evidence sufficient to support the jury's finding that relator was responsible for the driver's negligence. Relator contends this ruling necessitates the quashing of the record.

(1)   Relator sets out some things as evidence which do not appear in the opinion. These cannot be consider-
**Other Evidence.** ed. [State ex rel. v. Ellison, 278 Mo. 1. c. 47; State ex rel. v. Reynolds, 226 S. W. 564; State ex rel. v. Ellison, 266 Mo. 1. c. 610, 611.]

(2)   Conflicts with decisions of the courts of appeals cannot be made the basis of a judg-
**Other Decisions.** ment quashing the record under examination.

(3)   Relator contends the ruling conflicts with Hays v. Hogan, 273 Mo. 1; Guthrie v. Holmes, 272 Mo. 215; Mockowik v. Railroad, 196 Mo. 550, and Bollman v. Bullene, 200 S. W. (Mo.) 1068. The gist of relator's argu-
**Presumption Arising from Ownership.** ment in this connection is that Vaughn's right to have the issue in question submitted to the jury depended solely upon a presumption arising from the ownership of the truck, and that this presumption was destroyed by other evidence. In the Mockowik case the plaintiff had testified that he stepped upon a railroad track in front of a locomotive which he saw and at a place where he knew moving locomotives were likely to be encountered. He detailed all the facts. The court ruled his testimony showed him guilty of contributory negligence as a matter of law, and no presumption of ordinary care on his part could be invoked to defeat the conclusive force of the facts to which he had testified. In the case of Hays v. Hogan, supra, plaintiff had been injured by an automobile driven by the son of the owner. Plaintiff relied upon the ownership of the car by the father and the fact

that the son was driving to show the latter was acting within the scope of presumed authority from the father. This court, at page 24, said, and on this relator now relies, that the mere "ownership of an automobile purchased by the father for the use and pleasure of himself and family does not render him liable in damages to a third person for injuries sustained thereby, through the negligence of his minor son while operating the same on the public highway, in furtherance of his own business or pleasure." The portion of the opinion in Guthrie v. Holmes relied upon by relator is as follows, page 233: "Proof that the automobile belonged to defendant and was being operated by defendant's regularly employed chauffeur was a prima-facie sufficient showing that the chauffeur was acting within the scope of his employment, and the burden of evidence shifted to the defendant to show the contrary. . . . This presumption cannot stand in the face of positive proof of facts to the contrary; and where the plaintiff has relied upon such presumption and it has been opposed by positive evidence to the contrary, he must then produce evidence tending to disprove the defendant's positive testimony, or his prima-facie case will fail. The presumption in question is rather a frail thing. It is unlike an inference that arises upon the proof of certain facts, and which is necessarily true if the facts are true. It rests upon the facts that the automobile was owned by the defendant, and that the chauffeur who was operating it was in the general employment of the defendant; neither one nor both of which tends to prove the chauffeur was engaged in the owner's business. [Berry on Law of Automobiles (2 Ed.), sec. 615, p. 694.]" The decision in Bullman v. Bullene follows the decisions from which we have quoted. We do not think relator makes out a case of conflict with these decisions. The Court of Appeals states in its opinion that plaintiff's case, on this issue, "does not rest upon any mere presumptions arising out of the ownership of the truck, but upon direct testimony concerning the relations existing between the brewery company" (relator) "and

Davis & Sons, also upon inferences of fact which the jury were entitled to draw from all the evidence in the case." The question became one whether Davis & Sons were conducting the business of distributing beer for themselves and independently of relator, or in distributing beer acted as representatives and agents of relator and acted for it. The evidence tended to show the truck was owned by relator; that it had been substituted by relator for horse-drawn trucks previously furnished by relator for the same use; that relator caused its own name to be painted upon it when it was put in service; that no charge was made against Davis & Sons for its use; that repair bills were paid by relator; that relator paid the rent on the building occupied by Davis & Sons, and maintained, at its own expense, the refrigerating plant used for cooling the beer; that relator fixed the sale price of the beer; that containers, when empty, were returned to relator at its expense; that Davis & Sons acted for relator in collecting notes and rent and in buying saloon buildings for relator; that relator carried indemnity insurance on the truck in question and had previously settled a claim for damages arising out of an accident in which the truck had a part. W. F. Davis testified that relator furnished the truck for use in relator's business and in the distribution of relator's beer. This and other evidence appearing in the opinion tended to show, as a fact, that W. F. Davis & Sons were mere local agents acting for relator in St. Joseph. On cross-examination Davis qualified his testimony in some respects. We do not think it can be said, as a matter of law, his testimony on cross-examination, vague and halting in several respects, destroyed the testimony he had already given. It was for the jury to say when he told the truth, in all the circumstances. The point is ruled against relator.

II. In the Court of Appeals plaintiff's principal instruction was attacked. The chief objection relator

**Instruction.** urged was that, the instruction purported to cover the case but authorized a finding for plaintiff without requiring the jury first to find the

existence of such a relation between Davis & Sons and the truck driver, on the one hand, and relator, on the other hand, as to render relator liable for results of the driver's negligence. The Court of Appeals held this objection was not well founded, and this ruling is said to conflict with decisions of this court. The Court of Appeals did not deny or question the rule that an instruction purporting to cover the case and authorize a verdict must require a finding of all essential facts. On the contrary, it recognized and applied that principle and held that the instruction conformed to it. The instruction required the jury, before finding for plaintiff, to find, among other things, that Davis & Sons, at the time of plaintiff's injury, were "engaged in the business of delivering and distributing *for the defendant,* Dick & Bros. Quincy Brewery Company, in said city of St. Joseph, the product hereinabove referred to as Dick & Bros. Quincy beer and . . . that on said date the defendant, Dick & Bros. Quincy Brewery Company, for the sole purpose and consideration of aiding and furthering *its* business in said City of St. Joseph, and of furthering the delivery and distribution, through defendants W. F. Davis & Sons, of its product known as Dick & Bros. Quincy beer, owned, kept, maintained and furnished to defendants, W. F. Davis & Sons, the . . . truck mentioned in evidence, and instructed, authorized and empowered said W. F. Davis & Sons to use, run and operate said . . . truck, or cause the same to be used, run and operated for the purpose of delivering" the product of the brewery company, and that Millikel (the driver) had been employed by Davis & Sons and was operating the truck "in and about the business of delivering and distributing the product of Dick Bros. Quincy Brewery Company known as Dick & Bros. Quincy beer," and that Millikel was guilty of certain acts of negligence by reason of which plaintiff was injured by the truck, and that plaintiff was then in the exercise of ordinary care.

We think the Court of Appeals was right in ruling that this instruction requires, before verdict for plaintiff,

a finding of facts which show such a relation of the relator to the driver as to render relator liable for the driver's negligence, if other facts predicated are found.

The outstanding issue of fact was whether Davis & Sons were acting for themselves or for relator in distributing beer. If the jury found that relator furnished the truck to Davis & Sons for use in its, relator's, business, and that Davis & Sons were, at the time, actually using the truck in distributing relator's beer, not for themselves, but "for the defendant, Dick & Bros. Quincy Brewery Company," the issue was covered and the fact resolved against relator. We agree with the Court of Appeals that the instruction might have been more brief and more clear, but also agree that it was not reversibly erroneous when tested by the principle and decisions invoked by relator.

III. In the opinion of the Court of Appeals appears the following:

"The evidence complained of consists of an answer made by plaintiff, at the outset of his testimony, to a question as to who composed his family. In order that it may appear just as it took place, we set out the record as follows:

" 'Q. What is your occupation? A. Farming.

" 'Q. Are you a married man? A. Yes, sir.

" 'Q. Who are the members of your family?'

"(At this point counsel who appeared for Davis & Sons said: 'We object to it as being irrelevant, incompetent and immaterial.' The court: 'Answer the question.' To which ruling of the court defendants at the time excepted.

" 'Q. Who compose your family? A. Ten children.

"Q. How many are at home with you? A. Two, now,' "

The Court of Appeals ruled that there was no objection made to the question which the witness actually answered; that the objection was made to a question the witness did not answer. A glance at the excerpt from

the opinion will make the ruling clear. Relator contends
(1)  the evidence was inadmissible, and (2) the ruling
referred to conflicts with several decisions of this court.
That such evidence ought not to be admitted is settled
law in this State (Dayharsh v. Railway, 103 Mo. l. c.
577), and the Court of Appeals did not hold otherwise.

 · With respect to relator's second point, this court
has held that once an objection has been seasonably
made and overruled and exception saved it is not neces-
sary, in order to save the point, to continue to repeat
the objection to the same testimony, (Schierbaum v.
Schemme, 157 Mo. l. c. 22), and that "the persisting
in a running fire of the same objections to the same
precise evidence may become indecorous and disre-
spectful." [Bailey v. Kansas City, 189 Mo. l. c. 513.] ·
In the instant case the rule is peculiarly applicable. The
question answered was not a new question. It was
no more than a repetition (immediately following the
ruling, objection and exception) of the question ruled
upon, and the repetition was made merely to refresh
the memory of the witness so that he might give the
evidence just ruled admissible by the trial court. This
ruling of the Court of Appeals on this point is in conflict
with the principle in the cases last cited.

Respondents seek to justify the result of the ruling
by other arguments. They suggest the objection was too
broad and constituted no objection at all. Such an objec-
tion sometimes is held to be so. "But an exception exists
to the rule. If the evidence objected to is not competent
for any purpose in the case, a specific objection has no
office and the general objection of irrelevancy, immaterial-
ity, etc., will do." [Bailey v. Kansas City, supra, l. c.
512; State ex rel. v. Diemer, 255 Mo. l. c. 350.]  Neither
did the Court of Appeals put its ruling on that ground.
On the contrary, it, in effect, said it did not do so. It
is suggested that it was not to be expected that in the
opening of the trial the trial court could have known
that the testimony objected to might not prove compe-
tent in some way in later stages of the proceeding. If

this be an adequate answer, then any incompetent evidence, provided it be wholly incompetent, can be admitted without error, since such evidence is open to hardly any other than a general objection, and no general objection would be good in the beginning of a trial under the rule contended for. It is further suggested that the answer, "ten children," which plaintiff made to the question asked was shown by subsequent testimony not to be responsive to the question, and there was no motion to strike out. The answer was entirely responsive. The subsequent testimony may have shown it to have been in part untrue, but did not show it to lack responsiveness to the question. It is further argued that the objection was not made by relator, but by counsel for Davis & Sons, and cannot now be relied upon by relator. The Court of Appeals in its opinion did not take that position. It points out that the *defendants* excepted to the ruling and construed the word "defendants" to include all defendants. This is the proper construction. When one of several defendants makes an objection it is unnecessary for another to repeat it in order to put himself in position to base an assignment of error on it on appeal. In such case an exception to the ruling on the objection is enough, though the exceptor did not himself utter the words in which the objection is made. It is further objected that the motion for new trial did not cover the matter. The Court of Appeals did not so hold. The ground of the motion which is drawn in question by this suggestion, reads: "The court erred in admitting over the objection of this defendant, incompetent, irrelevant and immaterial evidence offered by the plaintiff." It is said the word "this" may have confined the court's attention to objections made by relator's counsel. It is clear relator could not have complained of the admission of the evidence unless it was admitted over its objection. Every ground of a motion for a new trial, to justify such a complaint in an appellate court, must have in it, explicit or implicit, the very thing which the suggestion

now being considered brings forward to exclude the ruling in question from consideration. To sustain this argument would seem to render it impossible for one of a group of defendants to adopt an objection made by another. We do not think such a rule would be desirable. There is no such rule now. As already pointed out, relator did adopt the objection and saved its exception to the ruling against it. It thereby became relator's objection and is covered by the motion.

We are of the opinion that the ruling of the Court of Appeals on this question of the admission of the evidence referred to in the beginning of this paragraph requires that the record be quashed. It is so ordered. All concur, except *Elder, J.*, not sitting.