STATE OF MISSOURI at the relation of KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, and CLINTON WALTER SPARKS, Relators, v. HOPKINS B. SHAIN, EWING C. BLAND and WILLIAM E. KEMP, Judges of the Kansas City Court of Appeals.—134 S. W. (2d) 58.

Division One, December 13, 1939.

*Charles L. Carr* and *Hogsett, Murray, Trippe, Depping & Houts* for Kansas City Public Service Company, *Hogsett, Murray, Trippe, Depping & Houts* for Clinton Walter Sparks.

*Jerome Walsh* and *Roy W. Rucker* for respondents.

HAYS, P. J.—By this proceeding in certiorari relators seek to have the opinion and judgment of the Kansas City Court of Appeals in the case of Bernard A. Conway v. the Kansas City Public Service Company and Clinton Walter Sparks quashed upon the ground that portions of said opinion, hereinafter specifically pointed out, are in conflict with prior controlling decisions of this court. The parties to the original case, which was an action for assault and battery, will be spoken of as the plaintiff and the defendants as they were designated in the trial court.

Plaintiff's Petition alleged that on the 9th day of September, 1935, defendant Sparks assaulted and beat him; that at the time Sparks was an employee of his co-defendant the Kansas City Public Service Company; and that in assaulting plaintiff Sparks was acting within

the scope of his employment. It is conceded that on the day above mentioned Sparks was working for the Public Service Company as Superintendent of its Motor Coach Division; but on the other hand it was claimed by the defendants that in engaging in the altercation with plaintiff, out of which this litigation grew, Sparks was not acting within the scope of his authority as agent of the company.

The evidence, as it is disclosed in the opinion of respondents, tended to show the following facts: On the 9th day of September, 1935, Sparks was riding home on one of the Public Service Company's street cars. Plaintiff had stopped his automobile on the track on which said street car was running near a street intersection. According to plaintiff's evidence, there was another automobile stopped directly in front of him and both machines were waiting for a traffic light to change. The motorman of the street car clanged his bell to warn plaintiff to move and, as plaintiff did not move immediately, engaged in an altercation with him. Meanwhile Sparks alighted from the street car and according to plaintiff walked over to the latter's automobile, began to curse plaintiff and, reaching in through the open window, grasped plaintiff's shoulder and ordered him to move off of the track. Plaintiff then moved his automobile a few feet and got out of it and, after some heated remarks were passed between plaintiff and Sparks, they started to fight. They were separated by the police and were taken to a nearby police station and "booked." Upon a subsequent trial in the police court Sparks was represented by Mr. William A. Kitchen, who is an attorney regularly employed in the Legal Department of the Public Service Company. Later Kitchen took an appeal for Sparks to the circuit court. Sparks paid Kitchen no fee for representing him and the latter was instructed to act for Sparks by the general solicitor of the company. The company continued to retain Sparks in its service.

There was some evidence to the effect that it was the duty of Sparks, whenever a congestion of traffic and consequent delay in the company's service was called to his attention, to do what he could to straighten out the situation.

The portion of respondent's opinion, which relators claim to be in conflict with our prior controlling decisions, has reference to the opening statement made in the trial court by plaintiff's attorney and is as follows: "Said counsel stated his version of the evidence to be offered by plaintiff concerning the assault and battery, and then told the jury that after the occurrence the combatants were booked at a police station; that at the hearing in the municipal court Sparks was represented by an attorney acting upon the direction of the general solicitor of the company; and that the hearing resulted in Sparks being fined Fifty Dollars and in the discharge of the plaintiff. The defendants objected to the statement on the grounds that it was prejudicial and incompetent, moved to strike the statement and declare

a mistrial. The objection and motions were overruled and exceptions saved. Said counsel then stated to the jury that after the trial in the municipal court the attorney for Sparks 'prosecuted an appeal for him' to the circuit court; that said attorney represented Sparks on appeal; that such facts would be offered as tending to show that the actions of Sparks on the night in question were within the scope of his authority and in furtherance of the business of the company; that the company had knowledge of the conduct of Sparks, 'stayed square-ly behind him, defended him to the limit and supplied counsel to look after his legal interest.' It is not claimed that the evidence showing the company furnished counsel for Sparks both in the police court and in the circuit court, without cost to the latter, was not properly received. There was no objection to that part of the statement where-in counsel in effect said the company took an appeal 'for him,' Sparks, to the circuit court. To say that Sparks appealed to the circuit court or that an appeal was taken for him was merely another way of saying he was convicted in police court. When the jury was told the company took an appeal for Sparks it would understand Sparks was convicted, else appeal for him could not have been prosecuted; and as it was proper to inform the jury concerning the actions of the company in defending Sparks in the police court, the prosecution of the appeal to the circuit court, the statement that Sparks was fined Fifty Dollars in the police court was not sufficient to warrant a holding that the trial judge abused his discretion in refusing to de-clare a mistrial. [Buck v. St. Louis Union Trust Company, 267 Mo. 644, 185 S. W. 208; Dees v. Skrainka Construction Company, 320 Mo. 839, 8 S. W. (2d) 873.] There is nothing in the record indicating bad faith on the part of plaintiff's counsel. On the contrary the closing part of his statement shows his purpose in stating the action of the company in defending Sparks was a legitimate one. The trial judge evidently thought the statements did not unduly prejudice the defendants. For these reasons we will not sustain defendants' contention on this point. We do not say the conviction of Sparks if he were convicted in the police court or in the circuit court was a proper matter to be shown in the trial of the case at bar. What we do say is, it was proper for plaintiff to state the facts concerning the action of the company in defending Sparks in any litigation arising out of the alleged assault and battery.''

Relators' first contention is that respondents ''in holding the ruling of the trial court in respect to statement of plaintiff's counsel that plaintiff and Sparks were booked at the police station, that Sparks was represented at the hearing at the municipal court, and that the hearing of the municipal court resulted in Sparks being fined Fifty Dollars and in the discharge of the 'plaintiff,' did not constitute re-versible error,'' contravened the decision of this court in Evans v. the Town of Trenton, 112 Mo. 390, 20 S. W. 614.

While there is no doubt that the Evans case correctly stated and declared the law applicable to the facts there in issue, we believe that the rule there announced does not apply nor govern the case at bar. The Evans case was an action against the Town of Trenton for negligently maintaining a certain sidewalk upon which the plaintiff fell and was injured. The case was twice tried. On the second trial there was verdict and judgment for the plaintiff, from which the defendant appealed to this court. In his final argument to the jury on the second trial plaintiff's attorney told them that ten of the jurors on the first trial had voted to award plaintiff Five Thousand Dollars damages, and that the opinions of these former jurors should have some weight with the jury in the present trial in making up its verdict. It does not appear that this fact—the nature and amount of the former verdict—was in evidence at the second trial, and it is difficult to conceive of any theory upon which it could properly have been received. We held that the remarks of counsel were highly prejudicial.

In the present case the remarks of counsel complained of were made in his opening statement. They were not argumentative but constituted a mere recital of evidence which he intended to produce. If then the evidence so recited were competent and proper and counsel in good faith intended to produce the same, the statement by him in opening to the jury was unobjectionable. [Buck v. St. Louis Union Trust Company, supra; Dees v. Skrainka Construction Company, supra.] Respondents have held (and we are bound by their decision in that respect) that the remarks were made by plaintiff's attorney in good faith. The sole question seems to be therefore: would the facts so stated be competent evidence in the case? For the purpose of analysis we may divide the statement into three parts. (1) That Sparks was arrested and tried in the police court and there represented by Mr. Kitchen, who was an attorney for the Public Service Company and acting upon instruction of its general solicitor; (2) That the trial in police court resulted in the conviction of Sparks and in his being fined Fifty Dollars, while plaintiff was discharged; (3) That Kitchen, acting for Sparks, appealed from said judgment to the circuit court. Of course none of these facts could properly be admitted for the purpose of convincing the jury that Sparks was the guilty party in the assault. Had respondents so held, their ruling would have conflicted with the Evans case.

On the other hand the fact that Mr. Kitchen, an attorney for the Public Service Company, represented Sparks in the police court, and the fact that he took an appeal for Sparks from the police court to the circuit court were relevant on the issue of whether or not Sparks in his quarrel with the plaintiff was acting within the scope of his authority as an employee of the Public Service Company. At least such facts would have some tendency to establish a ratification

by the company of Sparks' acts in assaulting plaintiff. [Perkins v. M., K. & T. Railroad, 55 Mo. 201; Graham v. Pacific Railroad, 66 Mo. 536; see, also, Rouse v. Metropolitan St. Railway Company, 41 Mo. App. 298; Dempsey v. Chambers, 154 Mass. 330, 13 L. R. A. 219; American Law Institute, Agency Restatement, sec. 218.]

The rule is recognized and established by many decisions of this court that where evidence is admissible for one purpose or one issue but would be improper for other purposes and upon other issues in the case, it should be received. The opponent then has a right to an instruction if he should request it limiting the extent to which and the purpose for which the jury may consider such evidence. [Moore v. St. Joseph, etc., Railway Co., 268 Mo. 31, 186 S. W. 1035; Union Savings Association v. Edwards, 47 Mo. 445, 1. c. 449; Wilkins v. Railway, 101 Mo. 93, 1. c. 106, 13 S. W. 893; Wigmore on Evidence (2 Ed.), sec. 13.]

It follows therefore that since the evidence recited in plaintiff's opening statement to the effect that Sparks was tried in police court and there represented by Kitchen and that Kitchen perfected an appeal for him to the circuit court was relevant and proper upon the issue of agency, no error was committed in letting the attorney state such evidence in opening to the jury. On the other hand the fact that Sparks was convicted and fined Fifty Dollars is not relevant upon the issue of agency. However, as respondents contend in their opinion, the jury must necessarily have known that Sparks was convicted from the fact that he took an appeal. Obviously a successful litigant cannot appeal. Therefore the cause of defendants cannot have been prejudiced by telling them directly that which in the nature of things they had to know anyway.

A more difficult question is presented by the fact that counsel stated that as a result of the conviction Sparks was fined Fifty Dollars. This statement, however, is far different from the one we condemned in the Evans case. The fact that a police magistrate saw fit to fix Sparks' fine at Fifty Dollars rather than at Five Dollars or One Hundred Dollars could have very little bearing upon the amount which the jury would award plaintiff in a civil suit. While in the Evans case the fact that one jury thought that the plaintiff's injuries would warrant a verdict of Five Thousand Dollars would be very persuasive in inducing another jury to return an equally large verdict. In Buck v. St. Louis Union Trust Company, supra, and Dees v. Skrainka Construction Company, supra, we held that a large discretion was vested in the trial court in ruling upon the opening statements of counsel and that where remarks were included in such statements which were technically erroneous but obviously did not prejudice the adverse party, the cause should not be reversed upon that ground alone. We think here that although counsel should not have stated the amount of the fine assessed against Sparks nor that plaintiff was

550

discharged in the police court, these statements cannot have had a prejudicial effect upon the verdict returned. We therefore rule that the portions of respondents' opinion above set out are not in conflict with Evans v. the Town of Trenton, supra.

■ Relators' second attack upon respondents' opinion is on the ground that "in holding in effect that relators waived the error in respect to the statement to which defendants objected . . . by not objecting to the subsequent statement of plaintiff's counsel . . . to the effect that after the trial in the municipal court the defendant company took an appeal for Mr. Sparks to the circuit court," respondents contravened our decisions in Ex parte Dick & Bros. Brewing Co. v. Ellison, 287 Mo. 139, 229 S. W. 1059; Schierbaum v. Schemme, 157 Mo. 1, 57 S. W. 526, and Bailey v. Kansas City, 189 Mo. 503, 87 S. W. 1182.

In those cases we decided in accordance with the generally recognized rule that where an objection is once made to testimony along a certain line and is erroneously overruled by the trial court, it is unnecessary for the same objection to be continually renewed when testimony of the same nature is later offered. A fair reading of respondents' opinion, however, does not reveal that they made the ruling complained of. What their opinion really means is this: that since the evidence of a trial of Sparks in the police court and of his appeal from the police court to the circuit court was proper and should have been received, the mere additional statement that he was convicted in the police court—a fact which the jury would necessarily know because he had appealed from such court—could not prejudice the defendants and, as we have pointed out, this holding of respondents was a proper one.

We therefore rule against relators upon both of the grounds of their attack upon respondents' opinion. We find that respondents' opinion does not contravene our prior controlling decisions in either of the respects alleged in the Petition for Certiorari. It therefore follows that our Writ of Certiorari should be quashed and it is so ordered. All concur.