**Katherine CARDELLO, Appellant,**

v.

**Joseph BAUER, Respondent.**

**No. 24884.**

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1968.

Henry L. Graf, Kansas City, for appellant.

Dwight L. Larison, James, McCanse & Larison, Kansas City, for respondent.

JAMES W. BROADDUS, Special Commissioner.

This is an action for damages for personal injuries. The jury returned a verdict in favor of defendant. From the judgment upon said verdict plaintiff has appealed.

Inasmuch as plaintiff's sole complaint relates to the action of the trial court in striking out certain testimony we need not set forth the evidence in detail.

On December 10, 1962, between 7:00 and 8:00 p. m. plaintiff was a passenger in an automobile being driven south on Broadway in Kansas City, Missouri. When this automobile reached the intersection of 37th Street and Broadway it stopped, waiting for north bound traffic to clear so that a left turn could be made into 37th Street. While *stopped the rear portion of the automobile was struck by an automobile being driven by defendant.

It has been snowing all day and in the evening turned "progressively worse" and the streets became "icy." Defendant testified that when the car in which plaintiff was riding stopped it blocked both lanes of traffic. Defendant said that when he applied his brakes "nothing happened and I just slid into the rear portion of their car."

The medical testimony is omitted from the transcript. The parties have stipulated that under plaintiff's medical testimony the jury could have found that plaintiff sustained permanent injuries; that under defendant's medical testimony the jury could have found that plaintiff was not injured.

■ Plaintiff's sole contention is that the trial court refused to allow her to explain unfavorable inferences arising from matters brought out on cross-examination. Plaintiff cites cases not in point on the particular facts, stating that matters first brought out on cross-examination may be explained by a party.

The contention arises from the following: On cross-examination by defendant's attorney it was brought out for the first time that plaintiff was employed in the Assessor's office. On direct-examination plaintiff testified that she was employed at the County Courthouse and started to work the first part of June, 1965. She was then asked the following additional questions:

"Q. How come you went to work the first part of June 1965?

"A. I lost my husband in May, 1965.

"Q. Your husband passed away?

"A. Yes, sir.

"Q. Did you have to go to work?

"A. Yes, sir."

Defendant's attorney objected to this line of questioning on the ground that it was a plea of poverty and therefor improper. The objection was sustained. Defendant's attorney then requested that the answers to the questions be stricken and the jury instructed to disregard the same. The trial court so instructed the jury.

■ Plaintiff has made no attempt to establish that the testimony excluded would be independently admissible except as explanatory of facts brought out on cross-examination. This is understandable since evidence of plaintiff's family status or the persons in plaintiff's family is improper in general. State ex rel. Dick & Bros. Quincy Brewery Co. v. Ellison, 287 Mo. 139, 229 S.W. 1059; Meade v. Kansas City Public Service Co., Mo., 250 S.W.2d 513. In the *Meade* case it is said "this is on the theory that such an inquiry is ordinarily made only for the purpose of appealing to the sympathy of the jury."

Also the explanatory testimony was irrelevant since it did not tend to prove or disprove any material element of plaintiff's case. Simple logic will establish that the *reason* why plaintiff went to work was not determinative at all of her ability to work. Full opportunity was given plaintiff to explain the duties of her job insofar as it may have had any bearing on plaintiff's ability or capacity to work. It is thus apparent that plaintiff had ample opportunity to explain those factors bearing on her capacity to work and the exclusion of her improper appeal to sympathy concerning why she went to work could not have affected the outcome of the case. It tended neither to prove nor disprove the element of her *ability* to carry out her employment.

■ Evidence must have a logical relevancy and probative value; and admission of questionable evidence is within the dis-

cretion of the court. Conley v. Kaney, 250 S.W.2d 350 (Mo.)

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted by the Court and the judgment is affirmed. All concur.