Ewell NELSON and Thelma Nelson, Appellants,

v.

Mrs. Barbara HOLLEY and David Grant Hall, Respondents.

No. WD 31026.

Missouri Court of Appeals, Western District.

Oct. 20, 1981.

Robert L. Shirkey, Kansas City, for appellants.

J. Nelson Happy and Glenn E. Bradford, Kansas City, for respondents.

Before KENNEDY, P. J., and WASSER-STROM and SHANGLER, JJ.

KENNEDY, Judge.

The plaintiffs' 15-year-old daughter, Teresa Louise Nelson, was killed in Colorado in 1977, in a collision between two vehicles owned by defendant Barbara Holley. The Holleys, including defendant and her three minor children, were on their way to Cooke City, Montana, where they intended to operate a gift store for the summer. Accompanying them were the decedent, Teresa, a friend of defendant's daughter Kristy, and David Grant Hall, 19, a friend of defendant's son David.

The two vehicles were a Chevrolet Malibu and a Jeep. Each was pulling a trailer loaded with personal items and merchandise for sale in the gift store. At the time of the accident David Holley, defendant's son, was driving the Jeep, which was in the lead, and David Grant Hall was driving the Chevrolet Malibu, which was following. As they were driving along in Colorado, having left Raytown, Missouri, the night before and having driven through Kansas, the

trailer being pulled by the Jeep was struck in the rear by the Chevrolet Malibu, which was being driven by David Grant Hall. The time of the accident was 8 o'clock a. m. Decedent Teresa, who was riding in the Jeep, was killed when David Holley lost control of it and it left the road and overturned.

The case was submitted upon the rear-end collision doctrine, MAI 17.16. The jury verdict was for defendant. From the ensuing judgment plaintiffs take this appeal.

Three of appellants' points allege error in the court's refusal to allow proof of out-of-court statements by David Grant Hall, driver of the Chevrolet Malibu, upon whose negligence, imputed to defendant Barbara Holley as his principal, plaintiffs base their claim. Hall was not a party to the action (although named in the caption) and did not testify at the trial.

Hall was a social friend of David Holley. He was accompanying the Holleys to Montana to "see some country" and intended to seek summer employment in the Cooke City, Montana, area. He had taken the wheel of the Chevrolet at about 7 o'clock a. m. Defendant Barbara and her two daughters had gotten into the back seat and were sleeping when the collision occurred at 8 o'clock a. m.

David Grant Hall's statements about the accident were statements made to or in the hearing of Trooper Beatty, a Colorado highway patrolman who investigated the accident, and who testified in the trial of the case. The three statements of Hall, which plaintiffs undertook to prove by Trooper Beatty, were as follows:

(1) *Hall's plea of guilty in Colorado court to charge of speeding and careless and reckless driving.* Hall was charged in Colorado with speeding and with careless and reckless driving. Trooper Beatty was present in court at the time of Hall's guilty plea, as was the defendant Holley. The court rejected plaintiffs' offer to prove Hall's guilty plea by these two witnesses.

(2) *Hall's written signed statement made to Trooper Beatty.* Plaintiffs attempted to introduce into evidence the official police report prepared and filed by Trooper Beatty, which contained a written signed statement by Hall. The statement said: "I looked down at the speedometer it read about 65 right when I looked up our bumpers hit and locked..."

(3) *Hall's oral statement to Beatty that he was driving 63 miles per hour at the time of the accident.* Plaintiffs offered to prove by Trooper Beatty that Hall told him during the course of his investigation that he was driving 63 miles per hour when the accident occurred.

The court's rejection of the tendered proof of Hall's statements was not error, and appellants' points based upon such rulings are disallowed.

The Hall statements were of course hearsay, but appellants put forward various reasons that they should be admitted under exceptions to the hearsay rule:

1. *Declarations against interest.*

■ They say first that Hall's statements were admissible as *declarations against interest.* Out-of-court statements are admitted as proof of the things stated if the statement is against the interest of the declarant, *Osborne v. Purdome,* 250 S.W.2d 159, 163 (Mo. banc 1952). It must be shown as a foundation for such proof that the declarant is unavailable as a witness. *Straughan v. Asher,* 372 S.W.2d 489 (Mo. App.1963); *Neely v. Kansas City Public Service Co.,* 241 Mo.App. 1244, 252 S.W.2d 88, 91 (1952). No such preliminary showing was made in this case, as a basis for the proffered testimony, and the trial court properly rejected it.

2. *Business records.*

■ Plaintiffs say next that Hall's written signed statement contained in the highway patrolman's official report of the accident was admissible under the Uniform Business Records as Evidence Law, §§ 490.-660–680, RSMo 1978. Hall's written signed statement, which we noted under (2) above was on a separate sheet of paper attached to the officer's official report and made a

part of the report. The officer's report of the accident met the requirements for admission as a business record, *Snider v. Wimberly,* 357 Mo. 491, 209 S.W.2d 239, 241 (1948), *Stegall v. Wilson,* 416 S.W.2d 658 (Mo.App.1967), but that does not make all the contents of such report admissible. The Hall statement contained therein, inadmissible as hearsay, did not become admissible because contained in a business record. The report, with Hall's statement omitted, was admitted into evidence and correctly so. *Hamilton v. Missouri Petroleum Products, Inc.,* 438 S.W.2d 197, 200–201 (Mo.1969); McCormick on Evidence, 2d ed., § 310 (1972).

Plaintiffs cite *Stegall v. Wilson,* supra, where the trial court erroneously excluded an entire police report as hearsay. The case is not authoritative for the proposition that hearsay contained in the report, as in the present case, is admissible over the specific objections of the opposing party. The Business Records as Evidence Law admits certain of the preparer's testimony recorded in the report, when properly identified, as against the hearsay objection, but it does not go a second step to admit statements of others made to the preparer—unless, as in *Stegall,* the statement would be admissible under some other exception to the hearsay rule (there an *admission by a party*).

### 3. *Guilty plea entered in presence of party against whom offered.*

■ Plaintiffs next contend that the proof of Hall's guilty plea should have been admitted, when he pleaded guilty to charges of careless and reckless driving and of speeding in connection with the accident. This too was only a statement against interest of Hall, not a party to the case, and was inadmissible hearsay in the present case. It was properly excluded by the court upon objection.

■ Plaintiffs in their brief take note, and emphasize the same in oral argument, that defendant Barbara Holley was present in court at the time David Grant Hall entered his plea of guilty to the charges of speeding and reckless driving. They take the position that since defendant Barbara Holley heard Hall's guilty plea, constituting an admission by him that he was driving carelessly and recklessly and was speeding at the time the accident occurred, his statement is admissible against her because she remained silent and did not challenge Hall's statement. There is a familiar rule that when an out-of-court statement is made in the hearing of a party, under such circumstances that if it is not true the party might be expected to challenge it, then that out-of-court statement, together with the fact of the party's silence is admissible. *Creager v. Chilson,* 453 S.W.2d 941, 943 (Mo.1970). The appellants have not shown us any case where that rule has been carried so far as to allow proof of the guilty plea of a nonparty and the silence of a party, and we reject their contention that the guilty plea is thereby made admissible. The party—in this case Mrs. Holley—could not be expected to speak up and challenge defendant's guilty plea in court. 4 Wigmore on Evidence, § 1072.

### 4. *Authority of agent to make admissions binding upon principal.*

Plaintiffs have yet one other basis upon which they claim Hall's out-of-court statements were admissible against defendant Holley. They say that his statements were admissible as *admissions of defendant Holley,* since they were made by Hall as her agent.

■ Plaintiffs acknowledge that the law of Missouri is that one's agency for another in driving a car does not give authority to make admission binding upon his principal. *Roush v. Alkire Truck Lines, Inc.,* 299 S.W.2d 518, 521 (Mo.1957). We will assume that David Grant Hall was defendant Holley's agent for the purpose of driving the car, so that any negligence of his would be attributed to her. Such authority, however, did not extend to the making of admissions as her agent. *Roush v. Alkire Truck Lines,* supra; *Rogers v. McCune,* 19 Mo. 557 (1854); *Menorah Medical Center v. Davis,* 463 S.W.2d 618, 621–622 (Mo.App.1971).

Appellant says we should reexamine the law, calling our attention to cases from other jurisdictions which would allow proof of the driver-agent's statements against the owner-principal, and citing also the Model Rules of Evidence of the American Law Institute, § 508(c). This we decline to do. We are bound by the latest pronouncement of the Supreme Court of Missouri, Mo. Const., Art. 5, § 2. We could transfer the case to the Supreme Court of Missouri for the purpose of reexamination of the existing law, Mo.Const., Art. 5, § 10, Rule 83.02, but we elect not to do that. *State Highway Commission v. Howard Construction Companies*, 612 S.W.2d 23 (Mo.App.1981).[1]

### 5. *Evidence of plaintiffs' having other children than decedent.*

■ Turning from the question of the admissibility of the out-of-court statements of David Grant Hall, appellants make another complaint, this time directed at the court's allowing defense counsel upon cross-examination to ask plaintiff Thelma Nelson the names and ages of her other children. She named three, all grown and emancipated. Plaintiff says such evidence prejudiced her in that "defendant blatantly and improperly wanted to persuade the jury that plaintiffs' heartfelt loss of their dear and beloved child was mitigated merely because

plaintiffs had other children". We are unable to see that the jury would so have viewed the evidence. We do not see that such evidence would have inclined them for the defendant or against the plaintiffs, and we see no prejudice to the plaintiffs. The cases cited by plaintiffs do not support their position. They hold that plaintiffs may not prove family status, over defendant's objection, for the purpose of inciting the jury's sympathy. *Meade v. Kansas City Public Service Co.*, 250 S.W.2d 513 (Mo.1952); *State ex rel. Dick & Brothers Quincy Brewery Co. v. Ellison*, 287 Mo. 139, 229 S.W. 1059 (1921); *Cardello v. Bauer*, 433 S.W.2d 81 (Mo.App.1968). The point is disallowed.

### 6. *Applicability of Missouri Wrongful Death Statute.*

In view of our rulings upon plaintiffs' allegations of error, it is not necessary for us to reach defendant's claim that she was entitled to a directed verdict at the close of all the evidence, based upon her argument that plaintiffs' case was based on the Missouri Wrongful Death Statute, § 537.080, RSMo 1978, and that such statute has no extraterritorial effect so as to create a cause of action for a death occurring in Colorado. For those who may wish to pursue the subject, the following cases appear to have some relevance on the issue: *State*

1. The rule which excludes as against their principals the statements of agents about the agents' negligent acts which are attributed to the principals, as vicarious admissions of the principals, has been criticized and in many cases reexamined and rejected. *See* 4 Wigmore on Evidence, § 1078; Fed.R.Evid. 801; Uniform Rules of Evidence (U.L.A.) rule 801(d)(2)(iv). Fed.R.Evid. 801, Notes of Advisory Committee on Proposed Rules, reads as follows:

> The tradition has been to test the admissibility of statements by agents, as admissions, by applying the usual test of agency. Was the admission made by the agent acting in the scope of his employment? Since few principals employ agents for the purpose of making damaging statements, the usual result was exclusion of the statement. Dissatisfaction with this loss of valuable and helpful evidence has been increasing. A substantial trend favors admitting statements related to a matter within the scope of the agency or employment. (Citations omitted).

The criticism and rejection of the rule, however, has come in those cases where the plaintiff's claim is based upon the negligence of defendant's employee who then, while the employment continues, makes a statement about the accident which is sought to be used as an admission of the employer. *Joseph T. Ryerson & Son v. H. A. Crane & Brother*, 417 F.2d 1263 (3rd Cir. 1969); *Koninklijke V. Luchtvaart Maatschappij N.V. KLM Royal Dutch Airlines Holland v. Tuller*, 292 F.2d 775 (D.C.Cir.1961), *cert. denied* 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961); *Grayson v. Williams*, 256 F.2d 61 (10th Cir. 1958); *Martin v. Savage Truck Line, Inc.*, 121 F.Supp. 417 (D.C.D.C. 1954). That case is unlike the one before us, where David Grant Hall's agency was not of that character. His agency was for the limited purpose of driving the car and his agency terminated when the wreck occurred. Hall's statements would presumably not be admissible even under the Federal Rule or the Uniform Rule, which admits statements "made during the existence of the relationship".

ex rel. Kansas City Stockyards Co. of Maine v. Clark, 536 S.W.2d 142 (Mo. banc 1976); State ex rel. Broglin v. Nangle, 510 S.W.2d 699 (Mo. banc 1974); Rositzky v. Rositzky, 329 Mo. 662, 46 S.W.2d 591 (1931); Woodward v. Stewart, 104 R.I. 290, 243 A.2d 917 (1968).

7. *Nonprejudice to plaintiff of exclusion of evidence.*

Defendants argue that the exclusion of the David Grant Hall statements, even if admissible, was not prejudicial to plaintiffs since they submitted their case on the rear-end collision doctrine. In view of our holding that the statements were properly excluded, it is not necessary that we reach that point.

The judgment is affirmed.

All concur.