**STATE of Missouri, Respondent,**

v.

**Dennis L. VANCE, Appellant.**

**No. WD 31638.**

Missouri Court of Appeals,
Western District.

March 23, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
May 4, 1982.

Stephen W. Mendell, Asst. Public Defender, Fifth Judicial Circuit of Missouri, St. Joseph, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

NUGENT, Presiding Judge.

Dennis L. Vance appeals his conviction following a jury verdict finding him guilty of attempting to steal property having a value of at least $150 in violation of § 564.011 [1]. He was sentenced to a term of four years imprisonment under the provisions of § 558.011. We affirm the judgment.

Vance was arrested in the early hours of May 17, 1979, as he tried to hitch a parked refrigerated trailer unit to a tractor unit at Wiedmaier's Truck Stop in St. Joseph, Missouri. His defense was his honest belief that he had a right to take the trailer (which issue was explicitly submitted to the jury by the court's instructions). He testified that on the evening of May 16 while at the Fireside Inn, Emmett Pendergras, the "bouncer" at the bar, offered him $100 to drive Pendergras' truck and park it under a trailer. According to Vance, Pendergras broke the window to enter a White Freightliner truck unit which Pendergras claimed was his. He told Vance to follow Pendergras' Ford LTD. Vance, in turn, was trailed by a white Lincoln Continental Mark IV. Vance did not know the occupants of the Lincoln and had no conversation with them.

The caravan made three stops at which Pendergras looked for "his" trailer. At the second stop, Pendergras removed a CB unit and personal effects from the truck. At the third, Wiedmaier's, Pendergras directed Vance to hook the truck up to a particular refrigerator trailer. Pendergras had left the scene when Vance was arrested. He was not called as a witness by either party.

Vance unsuccessfully tried to introduce into evidence as a business record under § 490.680, a police report prepared by Officer Babe McGaughy on May 17. It included a statement made to the officer by Kenneth E. White, a witness he had interviewed. White did not appear at trial. In the report McGaughy quoted White as stating that at about 2:15 or 2:45 that morning he was asleep in the cab of his truck at Wiedmaier's and was awakened by the noise of a man walking on the fuel tank of his truck. When White asked what he was doing, the man replied that "everything was cool" and that he "had broke down and was going too [sic] have someone pick up his truck." White was reported to have said that the man was driving a white Lincoln Continental with a Kansas dealer's plate.

In preparation for trial, defense counsel contacted White, who resided in Oklahoma, to get him to appear at trial to testify as to those statements. Vance unsuccessfully sought a second continuance for the purpose of securing the attendance of White. The prosecutor offered to stipulate that a white Lincoln was in Wiedmaier's parking lot at the time of defendant's arrest. The arresting officer subsequently testified that he had seen a white Lincoln parked at Wiedmaier's shortly before Vance's arrest.

Verdict-directing Instruction No. 5, cast in the form of MAI–CR2d 18.02, told the jury of the range of punishment it could assess in the form of imprisonment but said nothing about a fine. Instruction No. 6, in the form of MAI–CR2d 2.60, instructed the jury that the court could sentence defendant to a term of imprisonment not to exceed the term assessed by the jury, the payment of a fine or both imprisonment and a fine. The court refused Vance's requested Instruction No. "X", identical to Instruction No. 5 except for the inclusion of a paragraph giving the jury the option of assessing a fine.

1. All sectional references are to Revised Statutes of Missouri, 1978. § 570.030 prohibits

stealing property valued at more than $150.

On appeal Vance contends that the court erred, first, in failing to allow into evidence under the Uniform Business Records as Evidence Act[2] the police report containing White's statement, and, second, in failing to comply with the requirements of § 557.-036.2 that the jury be instructed as to the range of punishment authorized by statute and directed "upon a finding of guilt to assess and declare the punishment as a part of their verdict."

Vance's first point must fail. While qualification as a business record under the Act offsets the objection that the person who prepared the report is not present for cross-examination, the Act does not make all records competent evidence regardless of by whom, in what manner, or for what purpose they were compiled or offered. *State ex rel. State Highway Commission v. Koberna*, 396 S.W.2d 654, 666 (Mo.1965); *Nelson v. Holley*, 623 S.W.2d 604, 606–07 (Mo.App.1981); *State v. Clark*, 552 S.W.2d 256, 265 (Mo.App.1977). Qualification under the Act does not make admissible any evidence which would be incompetent if offered in person. *Tri-State Motor Transit Co. v. Navajo Freight Lines, Inc.*, 528 S.W.2d 475, 485 (Mo.App.1975); *Penn v. Hartman*, 525 S.W.2d 773, 778 (Mo.App.1975). "If the content of the record could not have been testified to by the reporter had he been offered as a witness present in court, then that content will not be admitted into evidence as a part of a business record." *State v. Boyington*, 544 S.W.2d 300, 305 (Mo.App.1976).

The report contained statements made by White to Officer McGaughy, based upon White's observations, and, as such, was hearsay and not admissible under any exception to the hearsay rule. As the trial judge noted, if Officer McGaughy had been present to testify, he could not have testified as to what White had told him.

Moreover, the White statement fails to corroborate Vance's assertion that he had an honest belief that he had a right to hook up the trailer. "Evidence is relevant if it logically tends to prove or disprove a fact in issue or to corroborate evidence which itself is relevant and bears on the principal issue." *State v. Sanders*, 619 S.W.2d 344, 348 (Mo.App.1981). White's statements would corroborate Vance's testimony that a white Lincoln was present at Wiedmaier's on the night of the offense, but do not support the defendant's claim that he was deceived by Pendergras into believing that Pendergras owned the trailer. As the trial judge observed, "whether the man in the white Lincoln Continental was there or whether there was a circus going by ..." was immaterial. In any event, the arresting officer testified that he had observed a white Lincoln parked at the truck stop shortly before he arrested defendant.

Vance's remaining contention that Instructions No. 5 and 6 given by the court failed to comply with the requirements of § 557.036.2 is foreclosed by the recent decision in *State v. Van Horn*, 625 S.W.2d 874 (Mo.1981), in which the court rejected an identical argument, holding that a jury need not be instructed that it could recommend the imposition by the court of a fine. *Id.* at 877. We find it unnecessary to set forth here the reasoning of the *Van Horn* case. We are constrained to follow its holding. Vance's second point has no merit.

For the foregoing reasons, we affirm the judgment.

All concur.

---

2. Section 490.680 provides:

A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.